UNITED STATES of America,
Plaintiff–Appellee,

v.

Albert ORTIZ, Defendant–Appellant.

No. 93–6320.

United States Court of Appeals,
Tenth Circuit.

May 26, 1994.

Fred L. Staggs, Oklahoma City, OK, for defendant-appellant.

Vicki Miles–LaGrange, U.S. Atty., and Frank Michael Ringer, Asst. U.S. Atty., for plaintiff-appellee.

Before SEYMOUR, Chief Judge, McKAY, and BALDOCK, Circuit Judges.

SEYMOUR, Chief Judge.

Defendant Alberto Ortiz appeals his guidelines sentence, which the district court imposed upon remand for resentencing. Mr. Ortiz contends that the district court erred by receiving new evidence upon resentencing, that the government's witness was unreliable, and that the court's reliance on unreliable and insufficient evidence violated his right to due process under the Fifth Amendment. We affirm.

I.

Mr. Ortiz was charged with one count of conspiracy to distribute marijuana and cocaine in violation of 21 U.S.C. § 846 and five counts of using a telephone to facilitate the conspiracy in violation of 21 U.S.C. § 843(b). Mr. Ortiz pled guilty to one telephone facilitation count, and the district court imposed a guideline sentence of forty-eight months imprisonment. On appeal, we reversed and remanded the case to the district court with instructions to vacate Mr. Ortiz's sentence and resentence him in light of our opinion. *United States v. Ortiz,* 993 F.2d 204 (10th

Cir.1993) (*Ortiz I*). In *Ortiz I*, we held that the district court committed a sentencing error by relying solely on a confidential informant's out-of-court statements, without independent corroboration, when determining the quantity of drugs Mr. Ortiz distributed for the purpose of establishing his base offense level. *Id.* at 208.

On resentencing, the district court received new evidence regarding the quantity of drugs distributed by Mr. Ortiz. The government presented the testimony of Mr. Lorenzo Garcia, a cooperating government witness who had not testified in the previous sentencing hearing.[1] The district court found Mr. Garcia's testimony sufficiently reliable. Using both Mr. Garcia's testimony and consistent information from the confidential informant, the court determined that Mr. Ortiz was responsible for distributing at least 100 kilograms of cocaine per year for the years 1989 to 1991. The court then sentenced Mr. Ortiz to the statutory maximum of forty-eight months imprisonment.

II.

Mr. Ortiz first contends that the district court erred by considering new evidence upon resentencing following our remand. In the Third Addendum to the Presentence Report, Mr. Ortiz objected to the admission of any additional evidence and suggested that he should be resentenced based upon quantities reliably proved in the prior sentencing because our remand did not authorize further proceedings. We disagree.

[redacted] In *Ortiz I*, we vacated Mr. Ortiz's sentence and ordered him resentenced in light of our opinion. Contrary to Mr. Ortiz's assertion, our remand was not narrowly confined to resentencing based upon quantities reliably proved in the prior sentencing hearing. In *United States v. Smith*, 930 F.2d 1450, 1456 (10th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 225, 116 L.Ed.2d 182 (1991), we held that an order vacating a sentence and remanding for resentencing directs the lower court to begin anew and that fully *de novo* resentencing is appropriate. The facts in *Smith* suggest that the sentencing court in that case may have only considered new factors in resentencing defendant, as opposed to receiving entirely new evidence. We now hold that *de novo* resentencing permits the receipt of any relevant evidence the court could have heard at the first sentencing hearing. *See United States v. Bell*, 5 F.3d 64, 67 (4th Cir.1993); *United States v. Cornelius*, 968 F.2d 703, 705 (8th Cir.1992). Accordingly, the district court did not err by receiving new evidence of Mr. Ortiz's drug distributions upon resentencing.

III.

[redacted] Mr. Ortiz also contends that the testimony of Mr. Garcia is insufficiently reliable to be used in determining the amount of drugs distributed by Mr. Ortiz for sentencing purposes. We accept a lower court's findings of fact unless they are clearly erroneous. We especially defer to the lower court's fact finding where the issue concerns a witness' credibility. *United States v. Litchfield*, 959 F.2d 1514, 1523 (10th Cir.1992).

[redacted] While expressing some reservations about Mr. Garcia's reliability, the district court here carefully considered his testimony and concluded that the new information he provided was sufficiently reliable to be used for sentencing purposes. Rec., vol. II at 94–95; *see* U.S.S.G. § 6A1.3, commentary. The court specifically noted that Mr. Garcia accurately described the exterior of Mr. Ortiz's house, as well as some things on the interior. The court also noted that Mr. Garcia's statements regarding his transactions with Mr. Ortiz were highly self-incriminating. Most importantly, the court stressed that Mr. Garcia testified consistently with the information provided by the confidential informant. *Id.*; rec., vol. I, doc. 296 at 6. After reviewing the record, we cannot conclude the district court's decision with regard to the reliability of Mr. Garcia's testimony is clearly erroneous. Consequently, Mr. Ortiz's due process argument fails.

The sentence is AFFIRMED.

[redacted]

1. Mr. Garcia was named as a codefendant in the indictment with Mr. Ortiz, but Mr. Garcia was not arraigned until after Mr. Ortiz was sentenced for the first time on July 10, 1992.