UNITED STATES of America,

v.

**Charles Leroy COSLET, Movant.**

**No. 91–40036–01 (96–3006–EEO).**

United States District Court,
D. Kansas.

Feb. 21, 1996.

Charles Leroy Coslet, Leavenworth, KS, pro se.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Senior District Judge.

The defendant Charles Leroy Coslet has filed a motion to vacate and set aside his conviction and sentence on Count 2 of the indictment charging that he "used" a 12-gauge shotgun during and in relation to the drug trafficking offense alleged in Count 1, in violation of 18 U.S.C. § 924(c)(1).

Defendant's motion and argument is predicated on the recent decision by the United States Supreme Court in *Bailey v. United States*, —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995); *see also United States v. Wacker*, 72 F.3d 1453 (10th Cir.1995). The government concedes that, in the trial of this matter, there was no evidence of "active employment" of the shotgun by the defendant when it was found in his vehicle and that, under the foregoing cases, his conviction and sentence on Count 2 must be vacated.

The government requests that this matter now be remanded for resentencing for consideration of the enhancement of defendant's sentence on Count 1, pursuant to United States Sentencing Guidelines § 2D1.1(b)(1).

With respect to defendant's sentence on Count 1, imposed March 23, 1992, the base offense level of 26 was determined by the 140 marijuana plants seized by the agents. This resulted in a guideline imprisonment range of 63 to 78 months. The defendant was sentenced at the bottom of the guideline range to a term of imprisonment of 63 months.

Since defendant's sentencing, U.S.S.G. § 2D1.1(c)(8) was amended to be applied retroactively. Said amendment equates each marijuana plant with 100 grams of processed marijuana. The 140 marijuana plants equates to 14,000 grams of marijuana, or 14.0 kilograms of marijuana. The retroactive amendment calls for a base offense level of 16 for at least 10 kilograms, but less than 20 kilograms of marijuana. The guidelines therefore call for a term of imprisonment of 21–27 months for a defendant having a total offense level of 16 and a criminal history category of I. However, 21 U.S.C. § 841(b)(1)(B) calls for a mandatory minimum sentence of 5 years (60 months) for a defendant convicted of possession with intent to distribute 100 or more marijuana plants. The defendant in this case is therefore subject to the mandatory minimum sentence of 5 years, irrespective of the guideline range of incarceration.

The government contends that defendant is now eligible for an upward adjustment under U.S.S.G. 2D1.1(b)(1) for possession of the weapon and, accordingly, an adjustment should be imposed at the time of resentencing. The court has examined the record in this case, as well as the presentence investigation report, and finds that the mandatory minimum sentence of 60 months is appropriate and that any possible enhancement, as the government requests, would be superfluous.

IT IS THEREFORE BY THE COURT ORDERED that defendant's motion to vacate and set aside his conviction and sentence on Count 2 of the indictment (Doc. # 77) be and the same is hereby sustained.

IT IS FURTHER ORDERED that defendant's sentence on Count 1 of the indictment should be modified to a period of incarceration of 60 months. In all other respects, his sentence on Count 1 shall be in full force and effect.

IT IS FURTHER ORDERED that the clerk shall forward copies of this memorandum and order to the defendant, the office of the United States Attorney, the United States Marshal's Office, the United States Probation Office, the Bureau of Prisons, and the Warden of the United States Penitentiary at Leavenworth, Kansas.