UNITED STATES of America, Plaintiff,

v.

Perl Glen VAN PELT, Lewis T. Wacker, aka "Louie", John Lee Wacker, Susan Mary Boyle, aka "Van Pelt", Leroy Allen Cooley and Michael L. Lipp, aka "Mike", Defendants.

Nos. 92–40042–01–SAC, 92–40042–03–SAC, 92–40042–04–SAC, 92–40042–05–SAC, 92–40042–06–SAC and 92–40042–07–SAC.

United States District Court,
D. Kansas.

July 8, 1996.

Stephen W. Kessler, Topeka, KS, for Perl Glen Van Pelt.

Michael L. Lewis, Topeka, KS, for Lewis Theodor Wacker.

F.G. Manzanares, Topeka, KS, Matthew B. Works, Works, Works & Works, P.A., Topeka, KS, for John Lee Wacker.

Dennis W. Moore, Moriarity, Erker & Moore, Olathe, KS, for Susan Mary Boyle.

James G. Chappas, Jr., Topeka, KS, for Leroy Allen Cooley.

Melanie J. Branham, Olathe, KS, for Michael Louis Lipp.

Gregory G. Hough, Office of United States Attorney, Topeka, KS, for U.S.

CROW, District Judge.

### History of Case

On January 27, 1993, the grand jury returned a superseding indictment which charged the defendants with conspiracy to possess with intent to distribute marijuana, possession with intent to distribute marijuana, and use of a firearm during and in relation to a drug trafficking crime. Certain defendants with prior felonies were also charged with felon in possession of a firearm.

On July 9, 1993, after 7 days of deliberation, the jury returned separate verdicts regarding each of the defendants. In summary, the jury found the following:

Perl Van Pelt: Guilty on all counts (1, 4, 5, 6, 7, 8, 11, 12 and 13).

Lewis T. Wacker: Guilty on counts 1, 5, 6, 7 and 11; not guilty on counts 4 and 12.

John T. Wacker: Guilty on counts 1, 5, 6, 7 and 11; not guilty on counts 4 and 12.

Susan Mary Boyle: Guilty on all counts (1, 4, 5, 6, 7, 11 and 12).

Leroy Allen Cooley: Guilty on all counts (1, 4, 5, 6, 7, 9, 12 and 14).

Michael Louis Lipp: Guilty on counts 1, 2, 3, 5, 6, 7,[1] 10 and 11; not guilty as to counts 4, 12 and 15.

On August 17, 1993, the court denied the defendants' motions for new trial or judgment of acquittal. *See United States v. Van Pelt,* No. 92-40042-01, 03-07-SAC, 1993 WL 360329 (D.Kan. Aug. 17, 1993). On December 26, 1995, the Tenth Circuit entered an order affirming all of the defendants' convictions *except* that for those counts charging violations of § 924(c)(1).[2] The § 924(c)(1)

---

1. Prior to sentencing, the court vacated Lipp's conviction on Count 7 based upon double jeopardy principles. *United States v. Lipp,* 1993 WL 544572 (D.Kan. Dec. 16, 1993) (memorandum and order providing parties with notice that it intended to vacate one of two 924(c)(1) counts based upon double jeopardy). In light of that ruling, the Tenth Circuit did not remand Lipp's case for a new trial on Count 7.

2. A seventh codefendant, Edith Wacker, entered a guilty plea to conspiracy and to use of a firearm during and in relation to a drug trafficking crime. The Tenth Circuit remanded her case to this court for more specific findings regarding her role in the offense.

counts were reversed in light of the Supreme Court's decision in *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). *See United States v. Wacker,* 72 F.3d 1453 (10th Cir.1995). In *Bailey,* the Supreme Court defined the word "use" found in § 924(c)(1) in a manner substantially more narrow than the Tenth Circuit had previously construed the term. In *Bailey,* the Supreme Court held that "'use' must connote more than mere possession of a firearm by a person who commits a drug offense." —— U.S. at ——, 116 S.Ct. at 506. In light of the Supreme Court's ruling, the Tenth Circuit reversed the convictions on Counts 2, 7 and 12, but remanded for a new trial only on Count 7. On February 13, 1996, the Tenth Circuit issued mandates in Cooley's and Edith Wacker's cases. On February 15, 1996, the Tenth Circuit recalled the mandates to correct a clerical error. On March 11, 1996, the Tenth Circuit entered an order denying rehearing but clarifying and correcting its December 26, 1995, opinion.

On March 21, 1996, the court received the mandate from the Tenth Circuit in each case. On April 15, 1996, the government filed a motion to dismiss count 7, which was granted by the court. *See* Fed.R.Crim.P. 48(a).

As the need for a new trial on Count 7 was obviated, the only remaining task for the court following the Tenth Circuit's remand is to resentence each of the defendants. Although each of the defendants benefit substantially from the vacation of the § 924(c)(1) convictions, in resentencing each of the defendants, the court must consider whether it is appropriate to enhance each sentence under *USSG* § 2D1.1(b)(1).[3] *See United States v. Pollard,* 72 F.3d 66, 68 (7th Cir.1995) ("[A]s the Supreme Court made clear last week, § 2D1.1(b)(1) of the guidelines casts a wider net than § 924(c)."); *United States v. Johnson,* 927 F.Supp. 399 (D.Kan.1996); *see also United States v. Gary,* 74 F.3d 304, 317

n. 11 (1st Cir.1996) (in contrast to § 924(c)(1) counts charging "use" of a firearm, sentencing guidelines may provide enhancements for mere possession of firearm during other offense), *cert. denied,* —— U.S. ——, 116 S.Ct. 2567, 135 L.Ed.2d 1084 (1996). Prior to vacation of the counts charging § 924(c)(1) violations, the court was precluded from enhancing the defendant's sentences pursuant to § 2D1.1(b)(1). *See USSG* § 2D1.1(b)(1); 2K2.4, comment 2; *United States v. Bermudez,* 82 F.3d 548, 550 (2nd Cir.1996) (double counting principles prevented district court from enhancing defendant's sentence under § 2D1.1(b)(1) at the same time as it was imposing the mandatory consecutive five-year sentence under § 924(c)(1)); *United States v. Lang,* 81 F.3d 955, 963 (10th Cir. 1996). The § 924(c)(1) counts having been vacated, the court must decide whether it is now appropriate to enhance each defendant's sentence under § 2D1.1(b)(1).

On April 19, 1996, the court held a conference with counsel to discuss the issue of resentencing. Prior to the conference, the court sent a letter to counsel setting forth the court's preliminary observations regarding resentencing. The court did this to aid counsel in analyzing the supplemental presentence reports which would be prepared by the probation department and to focus counsel on the sole remaining issue in this case.

Based upon the evidence presented at trial and contained in each of the presentence reports, it appeared to the court that there is a factual basis to enhance each defendant's sentence pursuant to § 2D1.1(b)(1). From the evidence presented at trial it was clear that Edith Wacker, one of the defendants' coconspirators, possessed, used and carried a firearm to protect the marijuana harvesting operation. Because Edith Wacker's coconspirators are liable for her foreseeable acts taken in furtherance of the conspiracy under *USSG* § 1B1.3,[4] a two

---

3. Section 2D1.1(b)(1) provides:
 If a dangerous weapon (including a firearm) was possessed, increase by 2 levels.

4. Section 1B1.3. Relevant Conduct (Factors that Determine the Guideline Range) provides:
 (a) Chapters Two (Offense Conduct) and Three (Adjustments). Unless otherwise specified, (i)

the base offense level where the guideline specifies more than one base offense level, (ii) specific offense characteristics and (iii) cross references in Chapter Two, and (iv) adjustments in Chapter Three, shall be determined on the basis of the following:

level enhancement appeared upon initial observation to be appropriate.[5] In reaching that tentative conclusion, the court compared the 1993 guidelines and the 1995 guidelines. No substantive difference exists which would benefit the defendants.

■ Based upon its preliminary assessment of the issue, it appeared to the court that there is both a legal and factual basis to enhance each of the defendant's sentences under section 2D1.1(b)(1). However, because the impact on Lipp's sentence is negligible in light of the mandatory minimum sentence the court was required to impose, and because the court would nevertheless impose a sentence of 120 months, the court will not enhance Lipp's sentence under § 2D1.1(b)(1). *Cf. United States v. Coslet,* 915 F.Supp. 271, 272 (D.Kan.1996) (Judge O'Connor does not enhance defendant's sentence pursuant to § 2D1.1(b)(1), finding that "the mandatory minimum sentence of 60 months is appropriate and that any possible enhancement, as the government requests, would be superfluous."); *United States v. Fletcher,* Case no. 92–40054–01–DES, 1996 WL 227781 (D.Kan. April 5, 1996) ("Because the defendant's current sentence of sixty months, the statutory mandatory minimum under 21 U.S.C. § 841(b)(1)(B), is within the guideline range that would be applicable with the § 2D1.1(b)(1) enhancement, the court denies the government's request for resentencing.").

### Objections by the Defendants

Each of the defendants has filed objections to enhancing their respective sentences pursuant to § 2D1.1(b)(1). No defendant challenges the court's observation that a factual basis exists to enhance his or her respective sentence. Instead, the defendants' attacks center on the proposition that the Tenth Circuit's opinion and mandate limit the authority of this court to enhance their respective sentences. In short, the defendants contend that their respective drug convictions were affirmed by the Tenth Circuit and that the language in the Tenth Circuit's opinion and the limited scope of the mandate precludes this court from considering an enhancement pursuant to § 2D1.1(b)(1). The defendants also contend that enhancing their sentences will violate double jeopardy. The defendants also contend that the government, by failing to specifically request a remand from the Tenth Circuit to consider the issue of enhancement, waived the opportunity to seek enhancement.

In addition, counsel for Lipp advances one other argument which is without merit.[6] Lipp argues that "neither his case nor count 7 has been remanded to this Court." Although accurate in regard to Count 7 in regard to him, such a contention is otherwise directly contrary to the Tenth Circuit's man-

(1) (A) all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and
(B) in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity, that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense.
This subsection simply codifies the principles of *Pinkerton* liability in the sentencing guidelines. "A conspiracy participant is legally liable for all reasonably foreseeable acts of his or her coconspirators in furtherance of the conspiracy." *United States v. Brewer,* 983 F.2d 181, 185 (10th Cir.) (citing *Pinkerton v. United States,* 328 U.S. 640, 646–47, 66 S.Ct. 1180, 1184, 90 L.Ed. 1489 (1946)), *cert. denied,* 508 U.S. 913, 113 S.Ct. 2348, 124 L.Ed.2d 257 (1993).

5. The court also distributed a chart to counsel which summarized the sentences originally imposed, the tentative sentence to be imposed if each defendant's sentence were enhanced, and the net savings following remand and resentencing. A copy of that table is attached to this memorandum and order.

6. Lipp contends that "the enhancement provision of the *Federal Sentencing Guidelines, § 2d1.1(b)(1),* was in effect at the time of Lipp's sentencing and not utilized by this Court in sentencing." This argument is correct in regard to Count 7, as the court could have initially enhanced his sentence in regard to the conduct charged in count 7. However, the court's analysis regarding enhancement pursuant to § 2D1.1(b)(1) is equally applicable in regard to Lipp's § 924(c)(1) conviction in Count 2, which the court of appeals vacated. However, as indicated, this point is academic in light of the fact that the court does not intend to enhance Lipp's sentence.

date in this case. Moreover, until this court resentences Lipp and vacates the § 924(c)(1) count from his sentence, the sentence originally imposed and as set forth in the "judgment in a criminal case" still contains the 5 year sentence imposed for his conviction of count 2.[7]

## Tenth Circuit's Opinion and the Mandate

In the body of the Tenth Circuit's opinion, the court of appeals states:

> Accordingly, we remand appellants Van Pelt, Boyle, Cooley, John Wacker and Lewis Wacker to the district court for retrial on the limited issue presented in Count 7 of whether Edith Wacker's gun was "used" within the meaning of section 924(c).

72 F.3d at 1465.

In the closing paragraph of the opinion, the Tenth Circuit states:

> For the foregoing reasons, we REVERSE the convictions of Perl Van Pelt, LeRoy Cooley, Susan Boyle, Lewis Wacker and John Wacker of the firearms offense charged in Count 7, and we REMAND for a new trial only as to Count 7 in order to determine whether these five defendants "used" Edith Wacker's .22 pistol during and in relation to a drug trafficking offense within the meaning of 18 U.S.C. § 924(c). We also REVERSE Michael Lipp's conviction as to Count 2, and we REVERSE the convictions of Perl Van Pelt, LeRoy Cooley and Susan Boyle as to Count 12. We AFFIRM the sentence of Michael Lipp as to all counts in the superseding indictment other than Counts 2 and 7. We also AFFIRM the sentences of Perl Van Pelt and LeRoy Cooley as to all counts in the superseding indictment other than Counts 7 and 12. However, we REMAND the sentence of Edith Wacker,

with instructions that the district court specifically articulate the factual basis and findings necessary for imposing the "manager or supervisor" enhancement under U.S.S.G. § 3B1.1(b). We do not disturb the district court's findings of the drug quantity attributable to Edith Wacker's offense conduct. In all other regards, we AFFIRM the ruling of the district court appealed to us in these seven appeals.

72 F.3d at 1480.

The mandate in each case states as follows:

> This cause came on to be heard on the record on appeal from the United States District Court for the District of Kansas, and was argued by counsel.
>
> Upon consideration whereof, it is ordered that the judgment of that court is affirmed in part. The judgment is reversed in part. The cause is remanded to the United States District Court for the District of Kansas for further proceedings in accordance with the opinion of this court.

*See* (Dk. 622, 623, 624, 625, 626 and 627).

## Law of the Case and The Mandate Rule

■■■ "Two related principles, the mandate rule and the law of the case doctrine, prohibit a district court from revisiting certain issues on remand." *United States v. Polland,* 56 F.3d 776, 777 (7th Cir.1995). "The mandate rule is a specific application of the law of the case doctrine." *United States v. Stanley,* 54 F.3d 103, 107 (2nd Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 238, 133 L.Ed.2d 166 (1995). "The rule serves a number of purposes, including finality of judgment and deference to the decisions of appellate courts." *Id.*

■■■ "Under the doctrine of law of the case, findings made at one point in the litiga-

---

7. At the end his ten year sentence imposed regarding the narcotics violations, Lipp would presumably like to be released from incarceration. Because the Bureau of Prisons' custody of the defendant is controlled by the sentence imposed by this court as reflected in the journal entry of judgment (titled "Judgment in a Criminal Case"), *see United States v. Wilson,* 503 U.S. 329, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992) ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the re-

sponsibility for administering the sentence. *See* 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment ... shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed"). To fulfill this duty, the BOP must know how much of the sentence the offender has left to serve."), the BOP would presumably be required to hold Lipp according to the terms of the sentence originally imposed by this court until instructed otherwise by this court.

tion become the law of the case for subsequent stages of that same litigation." *United States v. Moored,* 38 F.3d 1419, 1421 (6th Cir.1994). "A complimentary theory, the mandate rule, requires lower courts to adhere to the commands of a superior court." *Id.* "Accordingly,

> [u]pon remand of a case for further proceedings after a decision by the appellate court, the trial court must 'proceed in accordance with the mandate and the law of the case as established on appeal.' The trial court must 'implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces.' "

*Id.* (quoting *United States v. Kikumura,* 947 F.2d 72, 76 (3d Cir.1991) (citations omitted)).

■ Pursuant to 28 U.S.C. § 2106, the court of appeals may issue general or limited remands to the district courts. *United States v. Young,* 66 F.3d 830, 835 (7th Cir. 1995). In the context of sentencing decisions, the statute authorizes the court of appeals " 'to limit a remand to specific issues or to order complete resentencing.' " *Young,* 66 F.3d at 835 (quoting *United States v. Polland,* 56 F.3d 776, 777 (7th Cir.1995)).

■ In *United States v. Moore,* 83 F.3d 1231 (10th Cir.1996), the Tenth Circuit recently discussed the mandate rule:[8]

> As this court has held, when a defendant's sentence is vacated on appeal and remanded for new sentencing, the lower court must begin anew with de novo proceedings. *United States v. Ortiz,* 25 F.3d 934, 935 (10th Cir.1994). The court went on to clarify that the de novo resentencing "permits the receipt of any relevant evidence the court could have heard at the first sentencing hearing." *Id.* (emphasis added); *United States v. Warner,* 43 F.3d 1335, 1340 (10th Cir.1994). As a consequence, the court on remand has the discretion to entertain evidence that could have been presented at the original sentencing even on issues that were not the specific subject of the remand. *See United States v. Ponce,* 51 F.3d 820, 826 (9th

Cir.1995). This is consistent with the parameters of what has been labeled "the mandate rule": where the appellate court has not specifically limited the scope of the remand, the district court generally has discretion to expand the resentencing beyond the sentencing error causing the reversal. *See United States v. Moored,* 38 F.3d 1419, 1421 (6th Cir.1994); *United States v. Cornelius,* 968 F.2d 703, 705 (8th Cir.1992).

> The First Circuit has explained that the mandate rule, which generally requires trial court conformity with the articulated appellate remand, is a discretion-guiding rule subject to exception in the interests of justice. *United States v. Bell,* 988 F.2d 247, 251 (1st Cir.1993). The Fourth Circuit has summarized these exceptional circumstances as: (1) a dramatic change in controlling legal authority; (2) significant new evidence that was not earlier obtainable through due diligence but has since come to light; or (3) that blatant error from the prior sentencing decision would result in serious injustice if uncorrected. *United States v. Bell,* 5 F.3d 64, 67 (4th Cir.1993). Most importantly, the First Circuit further explained that the mandate rule is a rule of policy and practice, not a jurisdictional limitation, which thus allows some flexibility in exceptional circumstances. *Bell,* 988 F.2d at 251.

*Moore,* 83 F.3d at 1234–1235. *See Moored,* 38 F.3d at 1421.

In sum, "a district court, following appellate vacation of a sentence, possesses the inherent discretionary power to expand the scope of the resentencing beyond the issue that resulted in the reversal and vacation of sentence." *Moore,* 83 F.3d at 1235.

### The Sentencing Package

■ Although not specifically discussed by the defendants, by operation of the sentencing guidelines, each of the defendant's § 924(c)(1) sentences was interrelated to the sentences imposed for the drug trafficking offenses. Using the nomenclature adopted by the courts, the sentence imposed

---

8. In *Moore,* the Tenth Circuit discussed the mandate rule in the context of analyzing the scope of

the district court's authority in conducting a resentencing pursuant to 28 U.S.C. § 2255.

by this court was a "package" as the existence of the § 924(c)(1) convictions precluded the court from enhancing the defendant's drug trafficking offenses for that same conduct. Most of the circuits apparently subscribe to the rule that " 'a sentencing judge could on remand, increase the sentence on a specific count where the original sentence was imposed as part of a 'package' that included a mandatory consecutive sentence which was subsequently found to be invalid.' " *Bermudez*, 82 F.3d at 550 (quoting *United States v. Gelb*, 944 F.2d 52, 59 (2d Cir.1991)). In *United States v. Shue*, 825 F.2d 1111 (7th Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 351, 98 L.Ed.2d 376 (1987), the Seventh Circuit stated the rule as follows:

> When a defendant is convicted of more than one count of a multicount indictment, the district court is likely to fashion a sentencing package in which sentences on individual counts are interdependent. When, on appeal, one or more counts of a multicount conviction are reversed and one or more counts are affirmed, the result is an "unbundled" sentencing package. *See, e.g., United States v. Thomas*, 788 F.2d 1250, 1260 (7th Cir.), *cert. denied*, 479 U.S. 853, 107 S.Ct. 187, 93 L.Ed.2d 121 (1986). Because the sentences are interdependent, the reversal of convictions underlying some, but not all, of the sentences renders the sentencing package ineffective in carrying out the district court's sentencing intent as to any one of the sentences on the affirmed convictions.

> Thus, despite the previous panel's failure to vacate explicitly the sentencing package and remand for resentencing, we hold that the district court had the authority to re-evaluate the sentencing package in light of the changed circumstances and resentence the defendant to effectuate the original sentencing intent.

825 F.2d at 1114. Similarly, in *United States v. Pimienta–Redondo*, 874 F.2d 9, 14 (1st Cir.), *cert. denied*, 493 U.S. 890, 110 S.Ct. 233, 107 L.Ed.2d 185 (1989), the First Circuit opined:

> When the conviction on one or more of the component counts is vacated, common sense dictates that the judge should be free to review the efficacy of what remains in light of the original plan, and to reconstruct the sentencing architecture upon remand, within applicable constitutional and statutory limits, if that appears necessary in order to ensure that the punishment still fits both crime and criminal.

874 F.2d at 14. In *Jerkins v. United States*, 530 F.2d 1203, 1204 (5th Cir.1976), the Fifth Circuit stated that "[u]nless it can be ascertained from the record ... that the District Court's sentence on a valid conviction was not affected by a subsequently invalidated conviction on another count of the indictment, the defendant must be resentenced on the valid conviction."

The Ninth Circuit has, however, apparently reached a contrary conclusion: "But a district court does not have inherent power to resentence defendants at any time. Its authority to do so must flow either from the court of appeals mandate under 28 U.S.C. § 2106 (1982) or from Federal Rule of Criminal Procedure 35." *United States v. Minor*, 846 F.2d 1184, 1187 (9th Cir.1988) (citations omitted).

**Court of Appeals' Decisions Since *Bailey***

In several appellate cases, having vacated the § 924(c)(1) counts in light of the Supreme Court's decision in *Bailey*, the court of appeals, either at the request of the government or apparently on its own initiative, has specifically remanded the case to the district court for resentencing to consider the appropriateness of enhancing the defendant's sentence pursuant to § 2D1.1(b)(1). *See Bermudez*, 82 F.3d at 550–51; *United States v. Giraldo*, 80 F.3d 667, 677 (2nd Cir.1996) (on remand, district court should consider the applicability of § 2D1.1(b)(1) enhancement in light of reversal of § 924(c) convictions); *Lang*, 81 F.3d at 963 (accepting government's argument that case must be remanded to district court to consider applicability of two-level enhancement pursuant to § 2D1.1(b)(1)); *United States v. Roulette*, 75 F.3d 418, 426 (8th Cir.1996) (government urges, and court of appeals agrees, that drug counts should be remanded to district court to consider enhancement under § 2D1.1(b)(1)). The court could find no opin-

ion specifically discussing the issue presented in this case.[9]

In *Lang*, the Tenth Circuit held that "when a defendant's conviction under 18 U.S.C. § 924(c) is reversed on sufficiency of evidence grounds on appeal, the case is subject to remand for resentencing to determine the applicability of the enhancement found at U.S.S.G. § 2D1.1(b)(1) to the facts of each particular case." 81 F.3d at 963–64. In contrast to *Lang*, the Tenth Circuit's opinion and mandates in the case at bar contain no express direction regarding the issue of enhancement.[10] In fact, the Tenth Circuit's opinion contains no express order to resentence the defendants in regard to the vacated § 924(c)(1) counts. Such resentencing is, however, necessarily required by the Tenth Circuit's opinion and mandates, as, irrespective of the issue of enhancement, this court must resentence the defendants and enter an amended judgment of conviction to reflect the Tenth Circuit's decision. *See* Fed. R.Crim.P. 32(d).

Based upon the Tenth Circuit's discussion of the mandate rule and weight of authority regarding the district court's authority following vacation of a conviction relevant to a sentencing package, the court concludes that the Tenth Circuit's opinion and mandates do not preclude the court from enhancing each defendant's drug trafficking sentence pursuant to § 2D1.1(b)(1). The fact that the Tenth Circuit "affirmed" the defendants' drug trafficking offenses was nothing more than a rejection of the defendant's attacks on those sentences. Nor does the fact that the Tenth Circuit's opinion specifically remanded the cases for a new trial on Count 7 change this court's analysis. As indicated above, unstated but implicit within the Tenth Circuit's opinion is the requirement that this court resentence each of the defendants. This court does not construe the Tenth Circuit's silence on the issue of enhancement as a tacit prohibition to such action. Nothing in the Tenth Circuit's opinion specifically limits the scope of this court's authority in regard to resentencing. Moreover, because the Tenth Circuit's decision specifically required retrial of Van Pelt, both Wackers, Boyle and Cooley on Count 7, and because all of the defendants but Lipp could possibly have again been convicted of that § 924(c)(1) charge, the Tenth Circuit was presumably aware that the double counting principles would again bar a § 2D1.1(b)(1) enhancement

---

9. Several district courts have considered, however, the appropriateness of enhancing a defendant's sentence pursuant to § 2D1.1(b)(1) in the context of entertaining a defendant's motion pursuant to 28 U.S.C. § 2255 to set aside § 924(c)(1) convictions. *Compare Mixon v. United States*, 926 F.Supp. 178 (S.D.Ala.1996) (District court vacates § 924(c) counts and enhances defendant's sentence pursuant to § 2D1.1(b)(1); "The vacation of the Section 924(c) convictions makes the Court's original sentence incorrect in its entirety, because without the Section 924(c) convictions, the Court would have enhanced Petitioner's offense level by two levels."); *United States v. Seibert*, No. 96–0851, 1996 WL 221768 (E.D.Pa. April 26, 1996) (district court vacates § 924(c)(1) conviction and defendant stipulates to enhancement under § 2D1.1(b)(1)); *United States v. Trevino*, No. 96 C 828, 1996 WL 252570 (N.D.Ill. May 10, 1996) (discussing "sentencing package" concept); *United States v. Baker*, No. 90–00432–01, 1996 WL 208449 (E.D.Pa. April 18, 1996) ("[E]ven if we were to have granted defendant's motion under 28 U.S.C. § 2255 we would still be faced with a recalculation of his sentence under the Sentencing Guidelines § 2D1.1(b)(1) and would not release the defendant for that reason.") *with Beal v. United States*, 924 F.Supp. 913 (D.Minn.1996) (district court vacates defendant's § 924(c)(1) conviction but denies government's request to enhance pursuant to § 2D1.1(b)(1); district court could identify "no basis for modifying a sentence imposed for a valid conviction after a successful collateral attack on a separate invalid conviction.").

10. This court is confronted with a similar issue in *United States v. Parker*, Case No. 94–40018–02–SAC, 1996 WL 509629. *See United States v. Parker*, 1996 WL 202607, *1 (10th Cir. April 26, 1996) ("Appellant also raised in the letter, at least impliedly, the question of whether the weapons charge to which he pled guilty was supported by the record in light of *Bailey v. United States*, —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). That allegation appears to be well-founded. We dismiss the appeal as to the issue of downward departure. We reverse the conviction and sentence for use of a firearm during drug trafficking, 18 U.S.C. § 924(c)(1), and remand to the trial court to determine whether the facts support the plea of guilty on the firearm count in light of *Bailey*. If they do not, the court shall enter an order expunging the count and deleting from the sentence the sixty months given for that count. The sixty-month sentence for conspiracy to possess with intent to distribute drugs is affirmed.").

based upon the same conduct charged in Count 7. Therefore, the fact that the Tenth Circuit's opinion and mandates did not set forth with specificity all of the possible permutations that might conceivably occur following remand is not an indication that enhancement is unequivocally barred by the scope of the mandate.

Nor does the court believe that the government waived the opportunity to seek an enhancement by failing to specifically raise the issue before the Tenth Circuit. Based upon an understanding of the legal principles set forth above, the government could reasonably have believed that it was unnecessary to raise the issue before the court of appeals to preserve its ability to seek an enhancement pursuant to § 2D1.1(b)(1). *Cf., United States v. Fennell,* 77 F.3d 510 (D.C.Cir.1996) (government did not waive its right to resentencing by not filing a conditional cross-appeal asserting that if the court were to vacate the § 924(c) conviction, the court should remand for resentencing on the drug count).

Finally, the court believes that considering enhancement following the Tenth Circuit's reversal of the defendant's § 924(c)(1) convictions at this juncture is consistent with stated goals of the Sentencing Guidelines. In enacting the Sentencing Reform Act of 1984, Congress sought to fulfill three objectives: (1) "[H]onesty in sentencing;" (2) "[R]easonable uniformity in sentencing by narrowing the wide disparity in sentences imposed for similar criminal offenses committed by similar offenders;" and (3) "[P]roportionality in sentencing through a system that imposes appropriately different sentences for criminal conduct of different severity." *USSG* Chapter 1, Part A, § 3 *The Basic Approach (Policy Statement).* If the court did not consider enhancement at this point in time, each of these goals would be subverted as the court is obligated to apply the guidelines uniformly to each defendant it sentences. It is extremely doubtful that the Tenth Circuit intended to thwart each of these goals in its remand to this court. Failure to consider enhancing each defendant's sentence at this point in time would simply be a fortuity to the defendants in this case, an event Congress clearly sought to foreclose in enacting the Sentencing Guidelines.[11]

In sum, the court does not believe that the Tenth Circuit's opinion and mandates limit this court's authority to consider enhancing the defendant's drug trafficking offenses pursuant to § 2D1.1(b)(1).[12]

### Double Jeopardy

 The defendants' contention that enhancement of their sentence at this point in time would violate double jeopardy is an incorrect statement of the law.

> [A]ny expectation of finality in a sentence is wholly absent where ... the defendant requests that his prior sentence be nullified. The defendant has, by his own hand, defeated his expectation of finality and "the Double Jeopardy Clause, which guards against Government oppression, does not relieve a defendant from the consequences of his voluntary choice." *United States v. Cochran,* 883 F.2d 1012, 1017 (11th Cir.1989) (quoting *United States v. Scott,* 437 U.S. 82, 99, 98 S.Ct. 2187, 2198, 57 L.Ed.2d 65 (1978)). Given that sentencing is often a "package deal," we have noted that "the appealing defendant cannot claim an expectation that the sentence on any particular count is irrevocably final." *U.S. v. Earley,* 816 F.2d 1428, 1433 n. 6. (10th Cir.1987).

**11.** In this same vein, had the Tenth Circuit issued its opinion in this case before the Supreme Court's decision in *Bailey,* and had the defendants not sought certiorari from the Supreme Court, the defendants' only avenue would have been to seek collateral relief under § 2255. If the defendants were correct in their interpretation of the Tenth Circuit's opinion and mandates, it strikes the court as anomalous that the defendants would potentially fair better on direct appeal than they would under § 2255. *See Moore,* at 1235 (vacation of defendant's sentence pursuant to § 2255 required the district court to exercise its inherent discretion to determine the appropriate scope of the resentencing proceedings).

**12.** Assuming, *arguendo,* that the Tenth Circuit's opinion and mandates were properly construed to limit the authority of this court regarding resentencing, enhancement would nevertheless be appropriate. As interpreted by the Tenth Circuit, the mandate rule provides some flexibility in an instance such as this one were a blatant error in the application of the sentencing guidelines would result if uncorrected.

*United States v. Welch,* 928 F.2d 915, 916–917 (10th Cir.), *cert. denied,* 502 U.S. 850, 112 S.Ct. 153, 116 L.Ed.2d 118 (1991). *See United States v. Moreno–Hernandez,* 48 F.3d 1112, 1116 (9th Cir.) ("A resentencing mandate from an appellate court, however, does away with the entire initial sentence, and authorizes the district court to impose 'any sentence which could lawfully have been imposed originally. (citations omitted) In the latter case, double jeopardy is not implicated."), *cert. denied,* — U.S. ——, 115 S.Ct. 2598, 132 L.Ed.2d 844 (1995); *Shue,* 825 F.2d at 1114–15.

### Resentencing

In light of this ruling, it will be necessary for the probation department to prepare supplemental presentence reports reflecting the vacation of the § 924(c)(1) counts and discussing the appropriateness and impact of enhancement of each defendant's sentence pursuant to § 2D1.1(b)(1). Pursuant to D.Kan. Rule CR32.1(c), "[a]fter the final version of the [supplemental] presentence report has been provided to the parties, but no later than five (5) days prior to the sentencing date, the attorney for the government and/or the attorney for the defendant may file with the court a written statement setting forth their respective positions in regard to the sentencing factors, and facts which have not been resolved, in accordance with Guideline 6A1.2 and 6A1.3 and any amendments of the *United States Sentencing Commission Guidelines Manual.*" The court will set each case for resentencing at an appropriate time in the near future.

### Presence of the Defendants at Resentencing

In light of vacation of substantial portions of the defendants' sentences, and because the court may enhance the sentences of Van Pelt, Lewis Wacker, John Wacker, Boyle and Cooley, pursuant to § 2D1.1(b)(1), the court believes that it is appropriate for each of those defendants to be personally present at resentencing. *See* Fed.R.Crim.P. 43(a).

Whether Lipp's presence at resentencing is required is another issue. In light of the court's decision that it does not intend to enhance his sentence but simply vacate the § 924(c)(1) conviction in Count 2, the court instructs Lipp to file within twenty days of the date this order is filed a memorandum which discusses the following issues:

1. Does Lipp have either a statutory or constitutional right to be present at the resentencing in light of the court's ruling regarding enhancement?

2. If Lipp has either a statutory or constitutional right to be present at the resentencing, does he nevertheless choose to waive that right? *See* Fed.R.Crim.P. 43(b)(2).

The government may file a response within five days of the date Lipp files his memorandum.

IT IS SO ORDERED.

**Table Regarding Remand for Resentencing in Van Pelt, et al.**

| Defendant | Original Sentence Imposed (Expressed in Months) | Original Guideline range of all counts other than 924(c)(1) (Sentence Imposed) | Guideline range in light of remand with enhancement | Tentative Sentence to be imposed | Net Decrease in Sentence |
|---|---|---|---|---|---|
| Perl Van Pelt | 511 | 188–235 (211) | 235–293 | 264 (Midpoint) | 247 |
| Lewis Wacker | 123 | 63–78 (63) | 78–97 | 78 (Low-end) | 45 |
| John Wacker | 138 | 78–97 (78) | 97–121 | 97 (Low-end) | 41 |

| | | | | | |
|---|---|---|---|---|---|
| Susan Boyle | 397 | 97–121 (97) | 121–151 | 121 (Low-end) | 276 |
| Leroy Cooley | 436 | 121–151 (136) | 151–188 | 169 (Midpoint) | 267 |
| Michael Lipp | 180 | 78–97 (120)[1] | 120–121 | 120 (Low-end) | 60 |

---

1. Although the guideline range for imprisonment was 78–97 months, the court was required to impose the mandatory minimum sentence of 120 months pursuant to *USSG* § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."); *see United States v. Richards*, 67 F.3d 1531, 1537 (10th Cir.1995). Because of the negligible increase in the guideline range, and because the court would nevertheless impose a sentence of 120 months, the court does not intend to enhance Lipp's sentence pursuance to § 2D1.1(b)(1).