F I L E D
United States Court of Appeals
Tenth Circuit

DEC 17 1999

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

OCTAVIO DOMINGUEZ-CARMONA,

    Defendant-Appellant.

No. 99-2106
(D.C. No. 96-CR-696LH)
(District of New Mexico)

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JORGE HERNANDEZ-VILLANUEVA,

    Defendant-Appellant.

No. 99-2110
(D.C. No. CR-96-684-LH)
(District of New Mexico)

---

ORDER AND JUDGMENT[*]

---

Before **ANDERSON**, **PORFILIO**, and **EBEL**, Circuit Judges.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendants Dominguez and Hernandez were part of a group of Mexican citizens captured by the border patrol while attempting to smuggle marijuana across the U.S. border. After conditional pleas of guilty in 1997, the district court sentenced Mr. Dominguez to ten months imprisonment and Mr. Hernandez to twelve months imprisonment, departing downward from the applicable guideline range of twenty-four to thirty months.

The district court justified its downward departure from the sentencing guidelines on three bases: (1) the defendants' poverty; (2) defendants' lack of sophistication; and (3) the amount of marijuana each individual actually carried rather than the aggregate amount carried by the group. On appeal, we held all three of these bases were erroneous and ordered that "defendants be sentenced in accordance with this opinion and the applicable sentencing guidelines." *United States v. Dominguez-Carmona*, 166 F.3d 1052, 1059 (10th Cir. 1999).[1]

On April 4, 1999, without notifying the defendants or their counsel, the district court issued an Amended Judgment increasing the sentences of both defendants to twenty-four months imprisonment. In the meantime, however, both defendants had completed their original sentences and been deported to Mexico.

---

[1]The defendants' Petition for a Writ of Certiorari in *United States v. Dominguez-Carmona*, 166 F.3d 1052 (10th Cir. 1999), has been denied. *See Hernandez-Villanueva v. United States*, 120 S. Ct. 310 (1999), and *Dominguez-Carmona v. United States*, 120 S. Ct. 87 (1999).

Both defendants now appeal the second sentencing, arguing the district court violated their due process rights by increasing their sentences in their absence and almost two years after completion of their original terms of imprisonment.[2]  They also contend the re-sentencing constituted a violation of the double jeopardy clause of the Sixth Amendment.  Although their appeals were filed independently, we join them here for disposition only.  We review allegations of both due process and double jeopardy violations *de novo*.  ***United States v. Nichols***, 169 F.3d 1255, 1267 (10th Cir. 1999).

Defendants contend due process requires their presence at sentencing.  The government agrees and correctly concedes the district court erred in re-sentencing the defendants in absentia,[3] but it argues the error was harmless because the defendants received the minimum sentence available within the applicable guideline range.  The government contends our remand restricted the district court to sentencing the defendants to a term within the guideline range of twenty-four to thirty months, and because the defendants were given twenty-four month sentences, their presence at the re-sentencing could not have mattered.

Defendants respond the error was not harmless, contending other grounds for departure not initially presented to the district court could be raised on re-sentencing,

---

[2]Mr. Dominguez completed his sentence on September 11, 1997, and Mr. Hernandez completed his sentence in October 1997.  Both defendants were re-sentenced on April 4, 1999.

[3]Given the concession, we need not discuss the point further.

permitting a proper downward departure. They do not advise us, however, what those other grounds are. Alternatively, defendants assert the harmless error analysis is inappropriate where, as here, fundamental rights have been violated.

We do not believe the issue turns on either harmless error or whether our remand was general or specific. The fundamental question is whether the district court had jurisdiction to consider any evidence or arguments not raised at the original sentencing. Some time ago, we resolved that issue.

In **United States v. Ortiz**, 25 F.3d 934, 935 (10th Cir. 1994), we established the limitations on the powers of a re-sentencing court by holding: "*de novo* re-sentencing permits the receipt of any relevant evidence *the court could have heard at the first sentencing hearing*." (emphasis added) (citations omitted). Later, in **United States v. Warner**, 43 F.3d 1335, 1340 (10th Cir. 1994), when faced with the question of whether *de novo* re-sentencing would permit the district court to consider facts that had occurred after the original sentencing had taken place, we concluded although *de novo* re-sentencing "indicates resentencing is to be conducted as a fresh procedure, the latitude permitted is circumscribed by those factors the court could have considered 'at the first sentencing hearing.' Thus, events arising after that time are not within resentencing reach."

We believe this case is akin to **Warner**, although the question presented is not necessarily whether subsequent conduct of the defendants could be considered, but

- 4 -

whether new evidence or arguments could be presented on re-sentencing. We see no principled distinction between the two, however. Both questions relate to the jurisdictional limits of the re-sentencing court which simply prevent subsequent consideration of matters not raised at the original sentencing. *See United States v. Davis*, 182 F.3d 1201,1202 (10th Cir. 1999).[4]

Defendants next contend re-sentencing them almost two years after their release from prison violates the double jeopardy clause. The double jeopardy analysis requires us to ask whether the defendants had a legitimate expectation of finality in their original sentences. *See United States v. Welch*, 928 F.2d 915, 916 (10th Cir. 1991). In this context, we have consistently held a defendant cannot develop a legitimate expectation of finality in a sentence which is illegal because such a sentence always remains subject to modification. *See United States v. Rourke*, 984 F.2d 1063, 1065 (10th Cir. 1992); *United States v. Jackson*, 903 F.2d 1313, 1315 (10th Cir. 1990).

The defendants acknowledge our rule of law precludes their forming a legitimate expectation of finality in an illegal sentence, but they contend there must be an equitable temporal limit on the government's ability to appeal an illegal sentence. They argue the

---

[4]In their reply briefs, defendants for the first time contend the second sentence is invalid because it was not pronounced before them in open court, citing *United States v. Villano*, 816 F.2d 1448 (10th Cir. 1987) (en banc). We have consistently held we will not consider arguments initially raised in a reply brief. *See United States v. Murray*, 82 F.3d 361, 363, n.3 (10th Cir. 1999). Unless an argument is raised in the opening brief, it is deemed abandoned. *Codner v. United States*, 17 F.3d 1331, 1332, n.2 (10th Cir. 1994).

defendants in both *Rourke* and *Jackson* were re-sentenced while still incarcerated.  In contrast, the defendants here had completed their sentences and been deported to Mexico before the government filed its brief-in-chief contesting their original sentences.

Although defendants present a provocative argument, we cannot agree with it without forsaking the rule of law.  Certainly these defendants, who had no choice between staying in this country or being deported, are not in the same position as the defendants in *Rourke* and *Jackson*.  The fact remains, however, their predicament is somewhat of their own making.  They led the district court into pronouncing the illegal sentence in the first place.  Having done so, they should not be entitled to rely upon the "finality" of that sentence.

In good conscience, therefore, we cannot conclude the defendants' double jeopardy argument has validity.  Nonetheless, now that the government has removed them from the district court's jurisdiction, it remains to be seen whether the government has won more than a pyrrhic victory.

**AFFIRMED**.

ENTERED FOR THE COURT

John C. Porfilio
Senior Circuit Judge

99-2106, <u>USA v. Dominguez-Carmona</u> and 99-2110, <u>USA v. Hernandez</u>

**EBEL, Circuit Judge, dissenting**

I respectfully dissent.

As we made clear in <u>United States v. Ortiz</u>, 25 F.3d 934 (10th Cir. 1994) and <u>United States v. Warner</u>, 43 F.3d 1335 (10th Cir. 1994), when a matter is remanded for resentencing without limitation, the sentencing court may receive new evidence so long as such evidence could have been presented at the first sentencing hearing.

If the sentencing court upon resentencing can consider new evidence that could have been presented at the first hearing, it seems to me that the sentencing court could also consider new arguments, so long as they also could have been advanced at the initial sentencing proceeding.

Here, the defendants may, upon resentencing, be able to advance either additional arguments or additional evidence that could have been advanced at the original hearing to support a further downward departure from the Guideline range of 24 to 30 months.

On appeal, defense counsel declined to speculate what such additional arguments or additional evidence might be, but I would not fault defense counsel's lack of particularity in that regard.  There is no indication that defense

counsel have been in touch with their clients in Mexico.  The time to determine whether additional arguments or evidence can be advanced, it seems to me, would be at the resentencing itself.

I agree with the majority and with the concession by the government that defendant's due process rights were violated when they were resentenced in absentia.  I would remand these matters to the district court with instructions that the district court vacate the 24 month sentences issued upon our prior remand.