**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | No. 06-5012 |
| v. | (N.D. Oklahoma) |
| AMBER HOPSON, | (D.C. No. 05-CR-120-01-PJC) |
| Defendant-Appellant. | |

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.[**]

Amber Hopson pleaded guilty to the theft of government property, a misdemeanor violation of 18 U.S.C. § 641. The magistrate judge sentenced her to five years' probation and ordered her to participate in a program of mental health treatment.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10TH CIR. R. 36.3.

[**]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See FED. R. APP. P. 34(A)(2); 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Ms. Hopson now argues that the magistrate judge abused his discretion in ordering mental health treatment because that condition of probation and the attendant deprivation of liberty were not reasonably related to the offense of conviction or any other relevant sentencing factor, as required by 18 U.S.C. §§ 3553 and 3563. We agree, and therefore vacate Ms. Hopson's sentence and remand for resentencing.

## I. BACKGROUND

Ms. Hopson's conviction arises out of her receipt of public housing assistance from the Tulsa Housing Authority, an agency that receives federal funds. In exchange for housing assistance, Ms. Hopson was required to report her income to the government. However, during 2001-2004, Ms. Hopson failed to report $41,437.83 in income, and she therefore received $9,757 in federal funds to which she was not entitled. The government charged Ms. Hopson with the theft of government property in violation of 18 U.S.C. § 641, and she pleaded guilty.

The presentence report provided the following information about Ms. Hopson's family circumstances:

> [Ms.] Hopson married Antonio Nears on February 14, 2004. The couple has two children . . . . age five . . . and eighteen months. [Mr.] Nears is currently unemployed and was released from the Oklahoma Department of Corrections in October 2005 on a drug conviction. Nears also has a prior drug conviction for driving under the influence, and four prior convictions for assault and

> battery-domestic related offenses in which [Ms.] Hopson is the victim. Two of these convictions were in the presence of minor children.

Rec. vol. II, at 8, ¶ 28.

As to her mental and emotional health, the presentence report states that:

> [Ms] Hopson received counseling at age eleven after her parents['] divorce. She ultimately was placed . . . at the Collinsville Youth Center in Collinsville, Oklahoma, by her mother for being incorrigible.

Id. ¶ 30. The report adds that Ms. Hopson has no history of alcohol or drug abuse and that "[t]he Probation Officer has uncovered no additional information to suggest that the defendant is in need of treatment for substance abuse." Id. ¶ 31.

The magistrate judge sentenced Ms. Hopson to a term of five years' probation. One of the conditions of probation was that Ms. Hopson "participate in a program of mental health treatment (to include inpatient and domestic violence counseling), as directed by the Probation Officer, until such time as the defendant is released from the program by the Probation Officer." Rec. vol. I, doc. 17, at 2 (Judgment, filed Jan. 10, 2006).

Through counsel, Ms. Hopson objected to this condition, arguing that the condition was not "reasonably related to the crime itself, nor necessary for the supervision of Ms. Hopson." Id. vol. IV, at 8 (Tr. of Sent'g Hr'g, Jan. 5, 2006). Counsel acknowledged that the condition "may be beneficial for Ms. Hopson," but he contended that "it probably exceeds the scope of what is reasonable under

the crime she committed and was convicted of and the conditions that she need live under." Id.

The magistrate judge overruled the objection, explaining that:

> I think that the feeling there of the Court is that given some of the circumstances involved here, there is some concern about Ms. Hopson's ability to abide by the standard probation conditions as well as the financial conditions and restitution conditions that I'm imposing here. I think it's in her best interest, as well as in the best interest of the United States that that condition be imposed, and I said, not only for her benefit, but to also allow us to better police her compliance with the conditions I've outlined in our standard probation conditions. So, I'm going to go ahead and impose a mental health condition, which is primarily aimed at domestic violence counseling.

Id. at 8-9.

## II. DISCUSSION

On appeal, Ms. Hopson challenges the magistrate judge's imposition of the mental health treatment condition of probation. She contends that the condition is not reasonably related to the factors that the sentencing judge is authorized to consider. She notes that the justification given for the condition was not her own conduct but rather her husband's domestic violence convictions. Moreover, the offense of conviction, housing assistance fraud, was not related to domestic violence. Further, she continues, there is no evidence in the record indicating that she needs mental health treatment. She acknowledges that "a paternalistic

concern for her well-being [is] understandable," Aplt's Br. at 9, but argues that such a concern is insufficient to justify a condition of probation.

In response, the government defends the mental-health-treatment condition. It maintains that the condition pertains to Ms. Hopson's "history and characteristics," 18 U.S.C. § 3553(a)(1), and that it is reasonably necessary to accomplish the purposes of the sentence. See 18 U.S.C. § 3553(a)(2).

We review the magistrate judge's imposition of a condition of probation for an abuse of discretion. United States v. Bartsma, 198 F.3d 1191, 1200 (10th Cir. 1999). That discretion is cabined by 18 U.S.C. § 3563(b), which provides a list of discretionary conditions that the court may impose. One of those conditions is applicable here: the sentencing judge may order the defendant to "undergo available medical, psychiatric, or psychological treatment, including treatment for drug or alcohol dependency, as specified by the court, and remain in a specified institution required for that purpose." 18 U.S.C. § 3563(b)(9).

However, under § 3563, the listed conditions must (1) be "reasonably related to the factors set forth in 18 U.S.C. § 3553(a)(1) and (a)(2)"; and (2) "involve only such deprivations of liberty and property as are reasonably necessary for the purposes indicated in section 3553(a)(2)." Id. § 3563(b). The referenced statute, § 3553(a), provides in part that:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in

determining the particular sentence to be imposed, shall consider--

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available . . . .

Here, the magistrate judge and the government have relied upon Ms. Hopson's "history and characteristics," § 3553(a)(1), and her alleged need for "educational . . . or medical care," § 3553(a)(2)(D), as justification for the challenged condition of probation.

Although we afford broad discretion to the magistrate judge, on this record we are unable to discern a permissible basis for the challenged condition of probation. As Ms. Hopson notes, the record is devoid of any indication that her husband's domestic violence convictions were connected to the offense of

conviction.  See Bartsma, 198 F.3d at 1200 ("An appellate court should not be left to speculate about the nexus between the condition and the nature and circumstances of the offense.").  Nor, in contrast to other cases, is there any evidence that any need that Ms. Hopson may have for mental health treatment is directly related to the underlying conviction for theft of government property.  Cf. United States v. Iversen, 90 F.3d 1340, 1343-44 (8th Cir. 1996) (concluding that the imposition of psychiatric or psychological treatment as a special condition of probation was justified by a statement in the presentence report that the defendant's "family and friends had expressed concerns as to 'the emotional toll' on [the defendant] from various legal disputes" and the defendant's statement that the conviction felt "like the end of her life as she knows it") (quoting the presentence report).

In our view, this case is analogous to United States v. Kent, 209 F.3d 1073 (8th Cir. 2000).  There, the Eighth Circuit concluded that requiring the defendant in a mail fraud case to undergo psychological or psychiatric counseling as a special condition of probation constituted an abuse of discretion.  The court noted the government's concession that the condition was unrelated to the nature of the defendant's offenses.  Id. at 1076.  Moreover, even though the defendant had physically abused his wife thirteen years prior to the sentencing, the abusive behavior had ceased and "the government failed to provide any testimony from a medical expert aimed at addressing [the defendant's] current condition."  Id.

Finally, no evidence suggested that mental health counseling would further the goals of deterrence or public protection.  Id. at 1077.

The domestic counseling condition at issue here suffers from the same deficiencies.  The record does not establish that the condition is reasonably related to the nature and circumstances of the offense, the history and characteristics of Ms. Hopson, see 18 U.S.C. § 3553(a)(1), or the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2).

### III.  CONCLUSION

Accordingly, we VACATE Ms. Hopson's sentence and REMAND for resentencing.  On remand, the district court may receive "'any relevant evidence the court could have heard at the first sentencing hearing.'"  United States v. Green, 175 F.3d 822, 836 (10th Cir. 1999) (quoting United States v. Ortiz, 25 F.3d 934, 935 (10th Cir. 1994)).

Entered for the Court,

Robert H. Henry
Circuit Judge