968 F.2d 21
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Kurt Keahola LAWSON, Defendant-Appellant.
 No. 91-1388.
 United States Court of Appeals, Tenth Circuit.
 June 23, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Lawson appeals his conviction on two counts of distribution of LSD in violation of 21 U.S.C. § 841. Mr. Lawson contends the trial court committed reversible error by admitting evidence of other crimes or wrongs in violation of Fed.R.Evid. 404 and asserts plain error due to the fact the prosecutor argued facts not in evidence. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm Mr. Lawson's conviction.
 
 
 3
 Mr. Mechling was a cooperating informant working under the direction and supervision of the Drug Enforcement Agency (DEA). The informant knew Mr. Lawson and had been buying LSD from him for approximately two years. The DEA decided to exploit this personal, drug-related relationship in order to make controlled purchases of illegal drugs. These controlled transactions were accomplished by having the informant purchase LSD on two consecutive days. On the first day, the informant purchased a half ounce of marijuana and some LSD on blotter paper from Mr. Lawson. On the second day, the informant purchased liquid LSD, which Mr. Lawson delivered in a food coloring vial. When arrested approximately three weeks later, Mr. Lawson had $2,606 in cash on his person and food coloring containers were found in his kitchen.
 
 
 4
 * Mr. Lawson asserts three separate items of Rule 404(b)[1] evidence were improperly admitted. We will deal with each in turn.
 
 A. Prior Drug Dealings:
 
 5
 The informant testified he had known Mr. Lawson since 1989 and each had sold to the other hundreds of dollars of LSD during this period.
 
 
 6
 Prior to trial, the court held a hearing concerning the admissibility of this evidence under Fed.R.Evid. 404(b). The prosecution stated it was offering this evidence to show: the defendant knowingly and intentionally distributed the LSD; the evidence was necessary to establish the informant's relationship to Mr. Lawson; motive; and a continuing course of conduct. The defense took the position that the two sales to the informant did not occur and therefore intent and knowledge were simply not an issue.
 
 
 7
 The district court allowed the evidence to be received, ruling the issue of identity, i.e., who was the informant dealing with, was critical. The court further opined the evidence was necessary to show Mr. Lawson's knowledge and absence of mistake. The court then ruled the evidence's probative value was not outweighed by its prejudice. Finally, the court notified defense counsel it would give a limiting instruction if requested, to which counsel replied: "I think at the time that that evidence comes in, I would request that the Court instruct the jury that this should not be considered as substantive evidence of guilt."
 
 
 8
 When this court reviews an objection to admit or exclude evidence under Fed.R.Evid. 404(b), we utilize the abuse of discretion standard. The decision to admit or exclude such evidence lies within the sound discretion of the trial court, United States v. Harrison, 942 F.2d 751, 759 (10th Cir.1991), and we will not hold the trial court's discretion was abused unless we develop a definite and firm conclusion the trial court made a clear error of judgment or exceeded the bounds of permissible choice. United States v. Bonnett, 877 F.2d 1450, 1458 (10th Cir.1989). Even then we will not reverse unless we find the error affected a substantial right. Fed.R.Crim.P. 52.
 
 
 9
 Both the Supreme Court in Huddleston v. United States, 485 U.S. 681 (1988), and this circuit in United States v. Record, 873 F.2d 1363 (10th Cir.1989), have spoken with precision concerning Rule 404(b). These decisions enunciate a four-step analysis. Record, 873 F.2d at 1274-76. Applying this analysis, the trial court correctly determined testimony regarding the prior drug transactions was offered for and relevant to a proper purpose, i.e., to prove knowledge and identity. Moreover, the trial court properly weighed the probative value of the evidence of similar acts against its potential for unfair prejudice.
 
 
 10
 Turning our attention to the final part of the analysis, we note the trial court failed to give a limiting instruction at the time the evidence was admitted. However, in its general charge to the jury, the trial court did give a proper limiting instruction.
 
 
 11
 The trial court's failure to instruct at the time the evidence was admitted is understandable as defense counsel made no contemporaneous request. At the initial 404(b) hearing, defense counsel made what could at best be described as an equivocal statement following the trial court's offer to give a limiting instruction when he said: "I think at the time that that evidence comes in, I would request that the Court instruct...." It is thus clear the immediate limiting instruction was never requested. It is not error for a trial court to fail to give a limiting instruction when 404(b) evidence is received in the absence of a proper request by counsel. See Record, 873 F.2d at 1376. It was counsel's duty to request or renew the request if the instruction was desired.
 
 B. Cash and a Food Coloring Vial:
 
 12
 Witnesses testified Mr. Lawson had $2,606 cash on his person when arrested. The informant testified that when he purchased the liquid LSD from Mr. Lawson it was delivered to him in a food coloring vial. Witnesses testified Mr. Lawson had such vials at the time of his arrest. Mr. Lawson asserts the cash "should not have been admitted as Rule 404(b) evidence", and the food coloring vials found at arrest were not relevant evidence.
 
 
 13
 These assertions contain no merit and warrant little discussion. The cash clearly was not offered to prove Mr. Lawson's character; it was offered to prove intent to distribute. As such, this was not 404(b)-type evidence. The fact the cash was found three weeks after the sale goes to weight, not admissibility. The food coloring vials were clearly relevant. Mr. Lawson sold the LSD in food coloring vials and when he was arrested he possessed similar food coloring vials. Such evidence is corroborative and thus relevant.
 
 II
 
 14
 Mr. Lawson contends the prosecutor made improper closing argument by asserting facts not in the record. Mr. Lawson made no objections and this contention is raised for the first time on appeal.
 
 
 15
 This contention also has no merit and warrants little discussion. Assuming Mr. Lawson's argument to be factually correct, which is debatable, it relates to an immaterial fact. In rebuttal closing argument, the prosecutor told the jury: "I think you will recall that Agent Humphrey said ... they saw Mr. Lawson's vehicle departing Mr. Lazarski's trailer." However, the prosecutor also advised the jury: "Your recollection is better than mine." Applying a plain error analysis, the evidence of guilt was overwhelming. The government's evidence was uncontradicted. Any purported error was harmless.
 
 
 16
 The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Fed.R.Evid. 404(b) reads:
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.