52 F.3d 327
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Paul A. RICKETT, Defendant-Appellant.
 No. 94-5377.
 United States Court of Appeals, Sixth Circuit.
 April 20, 1995.
 
 Before: MILBURN, DAUGHTREY and WEIS,* Circuit Judges.
 MARTHA CRAIG DAUGHTREY, Circuit Judge.
 
 
 1
 The defendant-appellant, Paul Rickett, is serving a 48-month sentence that was imposed on the basis of his guilty pleas to four counts of possession with intent to distribute LSD, in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2. The sentence, imposed on February 25, 1993, was based on the district court's calculation of the total weight of the LSD involved, including the weight of the blotter paper containing some of the LSD and the liquid in which the remainder of the LSD was suspended. In calculating Rickett's sentence, the district court relied on the 1992 Sentencing Guidelines then in effect, as well as the Supreme Court's interpretation of the sentencing provisions in 21 U.S.C. Sec. 841(b)(1)(B)(v). See Chapman v. United States, 500 U.S. 453 (1991), in which the Court addressed the meaning of the phrase "mixture or substance containing a detectable amount" of LSD. Soon after Rickett was sentenced, however, the sentencing guidelines in question were substantially amended and made retroactive in such a way as to apply to Rickett's case. As a result, Rickett filed a motion to modify his sentence pursuant to 18 U.S.C. Sec. 3582(c), which permits modification of a sentence in certain circumstances when the applicable range has been lowered after sentencing. The district court refused relief, and Rickett appeals. We find merit to his claim and reverse.
 
 I.
 
 2
 In 1992, agents of the Drug Suppression Team of the United States Army Criminal Investigation Division suspected that illicit drug distribution was taking place at the home of Jeffrey Doest. The agents engineered controlled LSD purchases on four separate occasions (corresponding to the four counts of the indictment subsequently returned against Doest and Rickett). Rickett actively participated in each transaction. The first three involved the purchase of LSD on blotter paper, divided into doses and weighing a total of 1.06 grams. The final transaction had as its object four vials of LSD in liquid form with a combined weight of 26.92 grams. There is no indication in the record now before the court as to the percentage of LSD in the liquid. There is a suggestion, however, that each of the vials contained 400 doses of LSD.
 
 
 3
 The district court accepted Rickett's guilty pleas and adopted the findings and conclusions contained in the presentence report in sentencing Rickett. His sentence was crafted using the entire weight of the purchases, including the weight of the blotter paper and the liquid containing the LSD solution, which had a total weight of just under 28 grams. The presentence report sets Rickett's base offense level at 32 with reference to USSG Sec. 2D1.1(c)(6), that is, an offense involving a total drug quantity of at least ten grams of LSD but less than 30 grams. The guideline range at that level was 87 to 108 months. However, Rickett benefitted from the government's downward departure motion for substantial assistance, resulting in the district court's reduction of the sentence to 48 months. The sentence actually imposed, it should be noted, fell below the mandatory minimum of ten years, as required by 21 U.S.C. Sec. 841(b)(1) for weights of LSD in excess of ten grams, and even below the statutory minimum of five years, applicable to amounts of LSD weighing one to ten grams.
 
 
 4
 At the time Rickett's sentence was imposed, the district court's calculation was ostensibly in accordance with the existing version of the guideline drug-quantity table, USSG Sec. 2D1.1, as well as the Supreme Court's ruling in Chapman that the weight of any "mixture or substance" containing LSD is to be included in total drug weight for sentencing purposes, under the plain language of the various sentencing provisions in 21 U.S.C. Sec. 841. USSG Sec. 2D1.1 was later amended, however, in an effort to clarify the meaning of the term "mixture or substance," as used in the sentencing guidelines. As amended, the guidelines now eliminate the weight of the carrier medium from the quantity calculation in cases involving illegal possession of LSD. Instead, each unit dose is counted as 0.4 mg. of LSD for sentencing purposes. USSG App. C, Amendment 488. This amendment was effective November 1, 1993, and was expressly made retroactive by the provisions of USSG Sec. 1B1.10(d).
 
 
 5
 Citing the amendment, Rickett contended before the district court that he was entitled to the benefit of the change in the sentencing guidelines and requested that his sentence be recalculated excluding the weight of the blotter paper and the inert liquid agent. The district court first denied relief without stating reasons for its ruling. On motion for clarification, the district court entered a second order, also denying relief and indicating that, under Chapman, the court was without authority to modify the sentence previously imposed. The district judge held that "the weight of the LSD including the carrier medium, both liquid and paper carried, mandates a minimum sentence which becomes the guideline sentence range." Implicit in this ruling by the district court is a recognition that although the 1993 Sentencing Guidelines had been amended to permit a reduction in Rickett's sentence, the statute itself (21 U.S.C. Sec. 841) had not been changed and the mandatory minimum sentence remained the same.
 
 II.
 
 6
 A district court is given the discretion to decide a motion to reduce sentence filed under 18 U.S.C. Sec. 3582(c)(2) when a sentencing range has subsequently been lowered by the Sentencing Commission. In exercising this discretion, the court must be guided by the terms of 18 U.S.C. Sec. 3553(a) and should consider the sentence that could have been imposed had the amendment been in effect at the date of the original sentencing. USSG Sec. 1B1.10. An order denying such a motion for a reduction of sentence, akin to a motion made under the previous version of Fed.R.Crim.P. 35, is reviewable only for an abuse of that discretion. See, e.g., United States v. Brummett, 786 F.2d 720, 723 (6th Cir.1986). A reviewing court will not disturb a decision for an abuse of discretion unless it is firmly convinced that a mistake has been made. In re Benectin Litigation, 857 F.2d 290, 307 (6th Cir.1988), cert. denied, 488 U.S. 1006 (1989). Hence, the appeal before us squarely presents this question: Did the district court make a mistake in summarily concluding that the recent amendments to the sentencing guidelines have no effect upon Rickett's sentence because of the mandatory minimum sentence set by 21 U.S.C. Sec. 841, as interpreted in Chapman?
 
 
 7
 After careful study, we conclude that the district court did err in summarily rejecting Rickett's Sec. 3582(c)(2) motion. The reason relied upon by the district court in denying the motion was that the statutorily mandated minimum penalty, based on the total weight of LSD involved, rendered all other considerations irrelevant and divested the court of jurisdiction to entertain such a motion. However, the district court had already sentenced the defendant to a period of incarceration that was below the mandatory minimum required by the statute. In this sense, Chapman is, arguably, inapplicable to Rickett's case and furnishes no basis for rejection of a motion filed under 18 U.S.C. Sec. 3553(a).
 
 
 8
 Moreover, to the extent that Rickett's sentence was based on an application of the sentencing guidelines, which clearly it was, a retroactive amendment to those guidelines becomes pertinent in this case.
 
 
 9
 Finally, we note the persuasive affect of analogous Sixth Circuit case law on the issue now before us. For example, in United States v. Jennings, 945 F.2d 129 (6th Cir.1991), opinion clarified, 966 F.2d 184 (6th Cir.1992), we addressed the issue of whether the total weight of a substance containing an unknown quantity of methamphetamine was includable as a "mixture" for purposes of applying 21 U.S.C. Sec. 841(b)(1) penalties. In Jennings, the defendants were sentenced based on the total weight of an uningestible mixture found in a cooking pot that was being processed to extract a quantity of methamphetamine. The government, as in the case at bar, argued that because the mixture contained a detectable amount of illegal drugs, the entire weight of the mixture was appropriately considered for sentencing. However, the court declined to view the entire contends of the pot as a carrier medium under Chapman. The court so held, in large part, because the record was not clear that the "mixture" had the characteristics of a carrier medium, that is, that it was in a state of sufficient purity ready to be distributed. Id. at 136-37. In the present appeal, it is not clear what percentage of the solution in the vials was pure LSD or that the "liquid LSD" had the characteristics of a carrier medium. It thus appears that the full weight of the "liquid LSD" should not have been used in the calculation, even under the 1992 guidelines. Moreover, under the guidelines as amended, a liquid in which pure LSD is dissolved is distinguished from a carrier medium. See USSG Sec. 2D1.1, comment. (n. 18).
 
 III.
 
 10
 We recognize that once the government has filed a Sec. 5K1, 18 U.S.C. Sec. 3553(e), motion, the mandatory minimums and the guideline calculations no longer bind the district court and that the extent to which the sentence is reduced is within the discretion of the sentencing judge. On this record, we cannot determine whether the district court's decision to impose a 48-month sentence would be affected by the change in the guidelines computation. We conclude, therefore, that the case must be remanded to the district court for reconsideration of Rickett's sentence. We express no conclusion about the outcome of the district court's inquiry on remand.
 
 
 11
 If, however, the district court decides to revise the sentence, the guideline score should be calculated as outlined in United States v. Jordan, 842 F.Supp. 1031 (M.D.Tenn.1994). There, the defendants were convicted of possession with intent to distribute and distribution of LSD, including 22.2 milligrams of LSD dissolved in 13.2 grams of an undetermined liquid. Id. at 1032. The district judge explained:
 
 
 12
 Because of the way LSD is commonly distributed, the question of what constitutes a "mixture or substance" for sentencing purposes is not as straightforward as it might seem. In its pure crystalline form, LSD is extremely potent. Before it may be used or sold to "retail customers" it must be combined with a "carrier medium." This is done initially by dissolving the pure LSD in a solvent such as alcohol. This form of the drug is somewhat unstable, however, because the solvent has a tendency to evaporate. The LSD solution, commonly referred to as "liquid LSD," is usually placed upon a stable carrier such a blotting paper, sugar cubes, or gelatin capsules before it is sold. The liquid LSD is applied to the carrier and the solution is allowed to evaporate, leaving a small amount of LSD on the carrier.
 
 
 13
 Id. (citations omitted). Noting that in enacting 21 U.S.C. Sec. 841(b)(1), as amended, Congress had adopted a "market-oriented" approach to punishing drug-trafficking, the district court in Jordan observed that "LSD is sold by the dose and not by weight." 842 F.Supp. at 1033. Hence, the court reasoned, in determining the correct sentence for possession of "liquid LSD," it is the number of doses, calculated at the standard weight of 0.4 milligrams adopted by the guidelines, USSG Sec. D1.1(c), n. *, and not the total weight of the "liquid LSD" that is the controlling factor. Id. This means, of course, that on remand it will be necessary for the government to establish the number of doses contained on the blotter paper and in the four vials of "liquid LSD," in order to calculate the weight of the LSD for sentencing purposes. See Jordan at 1034.
 
 
 14
 The appellant's motion to proceed in forma pauperis is GRANTED. The district court's judgment is VACATED, and the case is REMANDED for further proceedings consistent with this opinion. The appellant's motion for appointment of counsel is referred to the district court for determination.
 
 
 
 *
 The Honorable Joseph F. Weis, Jr., Circuit Judge for the United States Court of Appeals for the Third Circuit, sitting by designation