UNITED STATES of America, Plaintiff,

v.

Michael M. MINTZ, Defendant.

Civil Action No. 91–40045–01–DES.

United States District Court,
D. Kansas.

May 22, 1996.

**1064**

Benjamin C. Wood, Lawrence, KS, for Michael M. Mintz.

Richard L. Hathaway, Gregory G. Hough, Office of United States Attorney, Topeka, KS, for U.S.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on the defendant's Renewed Motion for Application of Amendment to Sentencing Guidelines and for Resentencing under the Amendment (Doc. 462).

On October 25, 1994, Mr. Mintz pled guilty to knowingly and intentionally possessing with the intent to distribute or dispense more than 1000 marijuana plants, in violation of 21 U.S.C. § 841(a)(1). The sentencing guideline range applicable to the defendant was 168 to 210 months, based on an offense level of 32 (adjusted to 33) and a criminal history category of III. United States Sentencing Comm'n, *Guidelines Manual* (Nov. 1994). The defendant had previously been convicted of a felony drug offense, however, and thus faced a mandatory minimum sentence of twenty years. 21 U.S.C. § 841(b)(1)(A). Where the statutory mandatory minimum sentence is greater than the maximum of the applicable guideline range, the statutory minimum sentence becomes the guideline sentence. U.S.S.G. § 5G1.1(b).

On March 24, 1995, the United States filed a Motion Pursuant to U.S.S.G. § 5K1.1. The United States sought a downward departure from the sentencing guideline to reflect the defendant's substantial assistance to the government. In its motion, the government agreed not to oppose the court's disregarding the defendant's prior conviction for purposes of sentencing. At the defendant's sentencing on April 15, 1995, the court therefore announced a tentative sentence of 168 months. Upon the government's representation that a 120–month sentence would be reasonable in light of the defendant's assistance, the court departed further downward, and sentenced Mr. Mintz to 120 months, the statutory minimum sentence for convictions involving 1,000 or more marijuana plants.

At the time the court sentenced Mr. Mintz, the sentencing guidelines provided that in offenses involving fifty or more marijuana plants, the court was to treat each plant as equivalent to one kilogram of marijuana. U.S.S.G. § 2D1.1(c). On November 1, 1995, the United States Sentencing Commission amended the equivalency scheme, and directed courts to treat each marijuana plant as equivalent to 100 grams of marijuana. Amendment 516, U.S.S.G. § 2D1.1 n. E. The amendment applies retroactively. *See* 18 U.S.C. § 3582(c)(2) ("in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered ..., the court may reduce the term of imprisonment...."); *see also* U.S.S.G. § 1B1.10(a), (c). The effect of the amendment to the sentencing guidelines is to reduce Mr. Mintz's offense level from 32 (adjusted to 33) to 26 (adjusted to 27). The guideline range for level 27, criminal history category III, is 87 to 108 months.

Mr. Mintz argues that because the court originally imposed a sentence that was 48 months below the applicable guideline, we should now adjust downward further, and resentence him to 39 months, i.e., 48 months below the low end of the new guideline. The defendant cites *United States v. Campbell*, 995 F.2d 173, 175 (10th Cir.1993), for the proposition that a district court may depart below the statutory minimum sentence where the defendant has provided substantial assistance to the government. The defendant further contends that the applicable minimum sentence is now five years rather than ten. Under the amendment, 1000 plants, the amount of which the defendant stands convicted, equals 100 kilograms. 21 U.S.C. § 841(b)(1)(B) provides that in violations in-

volving "100 kilograms or more of a mixture or substance containing a detectable amount of marijuana, or 100 or more marijuana plants regardless of weight," the minimum sentence shall be five years.

### A. Applicable mandatory minimum sentence

Like Mr. Mintz, the defendant in *United States v. Scholz,* 907 F.Supp. 329 (D.Nev. 1995), was convicted of possession with the intent to distribute more than 1,000 marijuana plants in violation of 21 U.S.C. § 841(a)(1). *Id.* at 331. Defendant Scholz argued that because Guideline Amendment 516 changed the equivalency rating for 1,000 plants to 100 kilograms, he should be subject to the five-year minimum sentence in 21 U.S.C. § 841(b)(1)(B), rather than the ten-year minimum in 21 U.S.C. § 841(b)(1)(A). *Id.* 21 U.S.C. § 841(b)(1)(A) sets a ten-year minimum for violations involving "1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana, or 1,000 or more marijuana plants regardless of weight." 21 U.S.C. § 841(b)(1)(B) applies to 100 kilograms, or 100 or more plants regardless of weight. Thus, while the defendant's conviction for 1,000 plants still fell within the parameters of § 841(b)(1)(A), under Amendment 516's equivalency scheme, the quantity of marijuana attributable to the defendant also arguably fell within § 841(b)(1)(B). Defendant Scholz asked the court to "harmonize" the apparently conflicting statute and guideline. *Id.* As Mr. Mintz points out, the United States Sentencing Commission used the sentences and equivalencies from § 841(b)(1) as the primary basis for the guideline ranges. U.S.S.G. § 2D1.1, comment. (n. 10).

We must reject the argument advanced by Mr. Mintz on the same grounds that the *Scholz* court rejected Mr. Scholz's reasoning. 21 U.S.C. § 841(b)(1)(A) clearly states that it governs violations involving 1,000 or more marijuana plants *regardless of weight.* To convert the 1,000 plants of which the defendant was convicted to 100 kilograms, for purposes of determining the mandatory minimum sentence, would ignore the clear language of the statute. Statutes take precedence over sentencing guidelines where the two conflict. *United States v. Rockwell,* 984 F.2d 1112, 1114 n. 2 (10th Cir.1993), *cert. denied,* 508 U.S. 966, 113 S.Ct. 2945, 124 L.Ed.2d 693 (1993). We therefore conclude that the defendant is still subject to a ten-year statutory minimum sentence. *See also United States v. Guder,* 1996 WL 172975, No. 96–3064–SAC, 89–10059–01 (D.Kan. Mar. 19, 1996) (ten-year minimum applied to conviction for more than 1,000 plants); *United States v. Coslet,* 915 F.Supp. 271, 272 (D.Kan. 1996) (five-year minimum applied to conviction for 140 marijuana plants); *United States v. Lindsey,* 1996 WL 42230, No. 94–20038–02 (D.Kan. Jan. 26, 1996) (five-year minimum applied to conviction for more than 100 plants).

### B. Downward departure for substantial assistance

As noted above, the court may depart below the statutory minimum sentence where the government has moved for a downward departure pursuant to U.S.S.G. § 5K1.1. *United States v. Bush,* 70 F.3d 557, 561 n. 3 (10th Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 795, 133 L.Ed.2d 743 (1996). The Tenth Circuit Court of Appeals, however, has declined to further reduce a defendant's sentence below the applicable statutory minimum in response to a sentencing guideline amendment. In *United States v. Mueller,* 27 F.3d 494, 495 (10th Cir.1994), the defendant's original guideline range was 70 to 87 months. The government filed a § 5K1.1 motion recommending a downward departure to 59 to 73 months. *Id.* The court sentenced Mr. Mueller to five years, the minimum sentence under 21 U.S.C. § 841(b)(1)(B). *Id.* Upon a Rule 35 motion by the government, the court later reduced the defendant's sentence to 39 months. *Id.*

U.S.S.G. § 2D1.1(c) was amended subsequent to Mr. Mueller's sentencing, thereby changing his applicable guideline range to 18 to 24 months. *Id.* at 495–96. Like Mr. Mintz, Mr. Mueller sought a concomitant reduction in his sentence. The Tenth Circuit held that the government's Rule 35 motion did not entitle Mr. Mueller to waiver of the mandatory minimum provisions beyond that

already granted. *Id.* at 497. *See also Lindsey,* 1996 WL 42230, at \*3 (refusing to apply Amendment 516 to make further sentence reduction for substantial assistance).

Some courts have held that where the government has filed a § 5K1.1 motion, it is within the district court's discretion whether to apply sentencing guideline amendments so as to effect further downward departures below the statutory minimum. *See, e.g., United States v. Rickett,* 52 F.3d 327 (Table), 1995 WL 234665, No. 94–5377 (6th Cir. Apr. 20, 1995); *United States v. Ciferri,* 1996 WL 31164, No. 92–CR–97 (N.D.N.Y. Jan. 19, 1996). It is clear, however, that a court's decision whether to reduce a defendant's sentence in light of an amendment to the sentencing guidelines is guided by U.S.S.G. § 1B1.10(b):

> In determining whether, and to what extent, a reduction in sentence is warranted for a defendant eligible for consideration under 18 U.S.C. § 3582(c)(2), *the court should consider the sentence that it would have imposed had the amendment(s) to the guidelines ... been in effect at the time the defendant was sentenced* (emphasis added).

■ The court finds that had Amendment 516 been in effect at the time of the defendant's original sentencing, the court would still have sentenced the defendant to the § 841(b)(1)(A) ten-year minimum. Contrary to Mr. Mintz's assertion, the defendant has still received significant credit pursuant to the government's § 5K1.1 substantial assistance motion. Absent the motion, the defendant's prior felony drug conviction mandated a twenty-year minimum sentence. 21 U.S.C. § 841(b)(1)(A). The court declines to depart further below the statutory mandatory minimum.

**IT IS THEREFORE BY THE COURT ORDERED** that the defendant's Renewed Motion for Application of Amendment to Sentencing Guidelines and for Resentencing Under the Amendment (Doc. 462) is denied.