**UNITED STATES of America, Plaintiff,**

v.

**Thomas EMIGH, Defendant.**

**Nos. 92–13–CR–FTM–21, 92–123–CR–FTM–21.**

United States District Court, M.D. Florida.

July 9, 1996.

Robert Barclift, Asst. U.S. Atty., United States Attorney's Office, Ft. Myers, Florida, for United States of America.

Rosemary Thalmueller Cakmis, Office of Federal Public Defender, Orlando, FL, for Defendant.

## Order

GAGLIARDI, Senior District Judge.

### I. Introduction

The Defendant moves this Court to reduce his sentence in light of a recent amendment to the United States Sentencing Guidelines which changed the marihuana plant-to-weight ratio for purposes of calculating a defendant's appropriate guideline range. U.S.S.G. § 2D1.1(c) (1995) (as amended by U.S.S.G. amend. 516 (1995)) ("Amendment 516"). The new guideline is retroactive. U.S.S.G. § 1B1.10(c). The Defendant advances two theories as to why his prior sentence should be reduced. First, the Defendant asserts that the new guideline ratio should govern the computation of the drug's weight for purposes of determining the statutory mandatory minimum. This theory is unsupportable given the unambiguous language of the statute. Second, the Defendant argues in the alternative that, even if the new plant-to-weight ratio does not affect the statutory mandatory minimum under 21 U.S.C. § 841, his sentence should nonetheless be reduced to the minimum of sixty months. For the reasons set forth below, the Court is also without authority to reduce Defendant's sentence on this alternative theory.

### II. Facts

On April 28, 1995, the Defendant was sentenced for one count of manufacturing and possessing with intent to distribute marihuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vii), and one count of failing to appear for sentencing in violation of 18 U.S.C. § 3146(a)(1). This Court imposed a cumulative sentence of seventy months imprisonment, ascribing sixty months to the marihuana violation and the balance of ten months to the Defendant's failure to appear.

According to his Presentence Investigation Report, the Defendant's sentence was based on 112 marihuana plants. At the time of his sentencing, the applicable guideline treated each marihuana plant as equivalent to one kilogram of marihuana. U.S.S.G. § 2D1.1(c)(4) (1994). Pursuant to Amendment 516 to the Guidelines, however, each plant is now equivalent to 100 grams of marihuana, "[p]rovided, however, that if the actual weight of the marihuana is greater, use the actual weight of the marihuana." U.S.S.G. § 2D1.1.(c) (1995) (as amended by U.S.S.G. amend. 516). However, the statute governing the mandatory minimum sentences for offenses involving marihuana has not been changed to conform with the amended guideline. The statute continues to impose a mandatory five-year term of incarceration for any offense involving "100 kilograms or more of a mixture or substance containing a detectable amount of marihuana, or *100 or more marihuana plants regardless of weight,*" (emphasis added), 21 U.S.C. § 841(b)(1)(B)(vii). Where a conflict arises between a statute and the guidelines, the statute controls. U.S.S.G. § 5G1.1(b).

### III. Discussion

■ Both parties in this case have argued that a recent Eleventh Circuit decision, *United States v. Pope,* 58 F.3d 1567 (11th Cir. 1995), is controlling. In *Pope* the court held that an amended guideline prescribing a revised method for calculating the weight of LSD did not affect the method for calculating the weight of the drug for purposes of the statutory mandatory minimum. *Id.* The Supreme Court, in a recent unanimous opinion, reached the same result as *Pope. Neal v. United States,* — U.S. —, —, 116 S.Ct. 763, 769, 133 L.Ed.2d 709 (1996). The Government argues that *Pope* dictates the outcome of this case.

The Court concludes that the differences in the two mandatory minimum statutes—21 U.S.C. §§ 841(b)(1)(A)(v) and (b)(1)(B)(vii)— render the LSD cases inapposite. At issue in *Pope* was an amended guideline directing courts to disregard the weight of LSD/carrier medium in calculating the weight of the drug for the purposes of the guidelines' drug quantity table, and instead to treat each dose of LSD on the carrier medium as equal to .4 mg of LSD. U.S.S.G. § 2D1.1.(c) (1993) (as amended by U.S.S.G. amend. 488) ("Amendment 488"). The question before the Eleventh Circuit was how, if at all, the amended guideline's construction of the phrase. "mixture or substance containing a detectable amount of [LSD]" should affect the calculation of weight under the statute governing mandatory minimum sentences, which used identical language. Complicating the issue was a Supreme Court holding, announced prior to the enactment of the amended guideline, interpreting the statute to require the inclusion of the entire weight of the carrier medium. *Chapman v. United States,* 500 U.S. 453, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991). Because the phrase "mixture or substance" is not self-defining, the Supreme Court was required to decide in *Neal* which construction—the Supreme Court's in *Chapman,* or the Commission's in the amended guideline—courts should apply under the statute prescribing mandatory minimum sentences.

The relevant statute in this case, in contrast, is not ambiguous. It provides for a five-year term of imprisonment for any person convicted of an offense involving "100 kilograms or more of a mixture or substance containing a detectable amount of marihuana, or *100 or more marihuana plants regardless of weight,*" (emphasis added), 21 U.S.C. § 841(b)(1)(B)(vii). Thus, the competing theories of interpretation available in the LSD context have no force here. *United States v. Scholz,* 907 F.Supp. 329, 332 (D.Nev.1995). Although the inconsistency between the amended guideline and the statute produces a seemingly arbitrary disparity and results in a dual system between the guidelines and the statute, Congress' acquiescence to the guideline cannot alter the explicit language of the statute, which imposes a mandatory minimum sentence for violations involving one hundred or more plants "regardless of weight." *United States v. Mintz,* 928 F.Supp. 1063 (D.Kan.1996) (applying guideline equivalency ratio for purposes of determining statutory minimum would ignore clear language of statute). The eradication of this anomaly requires Congressional ac-

tion, not judicial legerdemain, to bring the statutory quantities into line with the guidelines. As stated in *Scholz:*

> It may be true, as an empirical matter, that the one plant = one kilogram equivalency rating provided by the statute greatly exaggerates the drug-producing potential of an average marihuana plant. Nonetheless, the statutory language is crystal clear ... The phrase "regardless of weight" would, under the interpretation advanced in Defendant's Motion for Downward Departure, become meaningless.

*Scholz,* 907 F.Supp. at 332. *See also United States v. Silvers,* 84 F.3d 1317, 1325 (10th Cir.1996) (declining to resentence defendant under Amendment 516 where statutory minimum sentence would render amended guideline inoperative); *United States v. Breen,* 928 F.Supp. 977, 979–80 (D.Alaska 1996) (same); *United States v. Mullanix,* No. 96–374–FR, 1996 WL 172746 at *2 (D.Or. Apr. 1, 1996) (same); *United States v. Guder,* No. 96–3064–SAC, 1996 WL 172975 (D.Kan. March 19, 1996) (same); *United States v. Brown,* No. 95–CV–1675, 1996 WL 12025 (N.D.N.Y. Jan. 12, 1996) (same). Thus, to the extent that Defendant's motion relies on an argument that the amended guideline equivalency rates should inform the statutory mandatory minimum sentence, it must fail.

██ Defendant further argues, and the Government concedes, that this Court nonetheless has the authority to reduce the Defendant's sentence to the statutory minimum of sixty months under 18 U.S.C. § 3582(c)(2). *Motion for Correction of Sentence, Nov. 20, 1995,* at 3; *Government's Resp. to Def.'s Mot. to Correct Sentence, Nov. 28, 1995,* at 3–4. Defendant's position appears to proceed along the following lines: the new guidelines range for his offense level of sixteen, recalculated pursuant to Amendment 516, would be twenty-four to thirty months. Adding the ten month sentence for the failure to appear count, the resulting guideline range would be thirty-four to forty months, which falls short of the statutory minimum. The guidelines then require the substitution of the statutorily required minimum sentence. U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maxi-

mum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."); *see also* U.S.S.G. § 5G1.2(b) (referring court to § 5G1.1 to determine total punishment for sentences based on multiple counts). Therefore, Defendant contends, the Court may properly reduce the Defendant's sentence to sixty months notwithstanding the statutory command in 18 U.S.C. § 3146(b)(2) that "[a] term of imprisonment under this section shall be consecutive to the sentence of imprisonment for any other offense."

██ Although there is support in the Guidelines for this approach, particularly in the commentary to Guideline § 2J1.6, there is more compelling support for the proposition that the Court must substitute the statutory minimum applicable to the underlying offense for the corresponding guidelines range *prior to* adding the portion of the sentence attributable to the failure to appear count. The only judicial decision at all relevant to the issue supports the latter approach. *United States v. Packer,* 70 F.3d 357, 360 (5th Cir.1995), *petition for cert. filed,* (U.S. March 28, 1996) (No. 95–2002).

The Court recognizes that some provisions within the guidelines are consistent with the approach Defendant appears to espouse— that is, that courts should calculate the total punishment for both offenses before substituting the statutory minimum for the underlying offense. Section 1B1.1 of the Guidelines, entitled "Application Instructions," provides an ordered sequence of steps for courts to follow when imposing a sentence. The first two steps direct courts to Chapter Two of the guidelines, which governs specific offense characteristics. U.S.S.G. § 1B1.1(a) & (b). The fourth step instructs courts to repeat the first three steps when multiple counts are charged, and then to "group" these offenses in accordance with Chapter Three, which sets forth the grouping rules. U.S.S.G. § 1B1.1(d). It is not until the seventh step that the sentencing court is referred to Chapter Five of the Guidelines, which governs the application of statutory minimum and maximum sentences. U.S.S.G. § 1B1.1(g). A clear inference from the sequence prescribed in § 1B1.1 is that the sub-

stitution of statutorily mandated sentences should occur only *after* the court has applied the grouping rules set forth in Chapter Three to calculate the cumulative offense level based on all counts.

Where a Defendant's conviction includes a charge of failure to appear, the specific offense characteristics considered in Step Two of § 1B1.1 are set forth in Guideline § 2J1.6. Application Note 3 of the Commentary to this section distinguishes between 18 U.S.C. § 3146(a)(1) (failure to appear before a court as required by conditions of release), for which Defendant was convicted, and 18 U.S.C. § 3146(a)(2) (failure to surrender for service of sentence). If the defendant is sentenced for the latter charge, the application note expressly instructs courts to impose a sentence for the failure to appear count "consecutively to any term of imprisonment imposed for the underlying offense," and to disregard the grouping rules of Chapter Three. U.S.S.G. § 2J1.6, comment. (n. 3). If the defendant has violated (a)(1), however, the following language applies:

> ... [T]he combined sentence must be constructed to provide a "total punishment" that satisfies the requirements both of § 5G1.2 (Sentencing on Multiple Counts of Conviction) and 18 U.S.C. § 3146(b)(2). For example, where the combined applicable guideline range for both counts is 30–37 months and the court determines a "total punishment" of 36 months is appropriate, a sentence of thirty months for the underlying offense plus a consecutive six months sentence for the failure to appear count would satisfy these requirements.

U.S.S.G. § 2J1.6, comment. (n. 3). Accordingly, and in contrast to violations of (a)(2), the Court is instructed to group the failure to appear count with the underlying offense to determine the offense level. *Id.* The commentary further provides that "[w]here the

base offense level is determined under subsection (a)(2), the offense level increases in relation to the statutory maximum of the underlying offense." U.S.S.G. § 2J1.6, comment. (backg'd).[1] The inescapable implication of this statement, and the clear intent of the commentary's emphatic distinction between the two subsections of the statute, is that for violations of 18 U.S.C. § 3146(a)(1) the statutory maximum should be applied after the grouping procedures are followed.

Under the approach articulated in § 2J1.6, there would be no incremental deterrence to Defendant based on his failure to appear. However, this is a problem which inheres generally in the system of mandatory statutory sentences, and one which is also contemplated by the grouping rules. *See* § 3D1.3, comment. (n. 4) ("Sometimes the [grouping procedure] may not result in incremental punishment for additional criminal acts because of the grouping rules.").[2]

■ Thus, because the commentary to § 2J1.6 evinces a clear intent to require the grouping of convictions under § 3146(a)(1) before reference to the statutory commands of Chapter Five, Defendant's position has some appeal. However, this point is not one on which the guidelines are internally consistent. The commentary to § 2J1.6 conflicts with Guideline § 5G1.2, "Sentencing on Multiple Counts of Conviction," which provides:

(a) The sentence to be imposed on a count for which the statute mandates a consecutive sentence shall be determined and imposed independently.

(b) Except as otherwise required by law (*see* § 5G1.1(a), (b)) [requiring substitution of statutory minima], the sentence imposed on each other count shall be the total punishment as determined in accordance with Part D of

---

1. It is significant that the 1990 amendment to this Guideline inserted the words "Where the base offense level is determined under subsection (a)(2), the offense level," for the original preface, "The offense level for this offense". U.S.S.G. App. C, amend. 329 (1990). The text accompanying the amendment explains, "[t]his amendment provides greater differentiation in the guideline offense levels for the various types of conduct covered by this guideline." *Id.*

2. Section 3146(b)(2) does not require a sentence of imprisonment on a failure to appear count. U.S.S.G. § 2J1.6, comment. (n. 3); *United States v. Packer,* 70 F.3d 357, 360 n. 8 (5th Cir.1995). In this respect, the statute also suggests that incremental deterrence is *not* a paramount concern for offenses proscribed therein.

Chapter Three, [grouping rules] and Part C of this Chapter.

To conform with these instructions, a court must apply grouping rules and substitute the statutory term of imprisonment under subsection (b), and then add the resulting term to the term for any sentence that must be imposed consecutively per statute and therefore "independently" under subsection (a). The combined effect of Section § 5G1.2's provisions is to prohibit courts from "grouping" offenses under 18 U.S.C. § 3146, which requires the sentence for a defendant's failure to appear to be imposed consecutively. Applying familiar principles of guideline interpretation, where the commentary to a guideline is at odds with the guideline or with another provision of the guidelines, the guideline prevails. *See Stinson v. United States,* 508 U.S. 36, 43, 113 S.Ct. 1913, 1918, 123 L.Ed.2d 598 (1993) ("If ... the commentary and the guideline it interprets are inconsistent ... the Sentencing Reform Act itself commands compliance with the guideline."). To the extent that Application Note 3 to Guideline § 2J1.6 conflicts with Guideline § 5G1.2, the Court is bound by the Sentencing Reform Act to disregard the note.

At least one court has found that the commentary to § 2J1.6 is also at odds with the statutory intent of 18 U.S.C. § 3146. *United States v. Packer,* 70 F.3d 357 (5th Cir.1995).[3] In *Packer* the appellant challenged the lower court's refusal to group his failure to appear count with the underlying offenses for which he was sentenced. After considering both Application Note 3 to § 2J1.6 and the language of § 3146(b)(2), the court concluded:

> The guideline treatment of section 3146(b)(2) would defeat the statutory intent that a failure to appear offense be considered separate and distinct from the underlying offenses, warranting a separate and distinct penalty.

*Id.* at 360. Although the *Packer* case did not involve sentencing pursuant to a statutory minimum, the logic of the decision, which the Court finds persuasive, would require the Court to reject Defendant's request to re-

duce his sentence to sixty months, in order to ensure that Defendant's failure to appear will subject him to a "separate and distinct penalty."

## *IV. Conclusion*

For the reasons stated in this opinion, the Court denies Defendant's motion to reduce his sentence.

So Ordered.

---

**3.** Although the *Packer* opinion does not state which section of the statute—§ 3146(a)(1) or (a)(2)—was being considered by the court, the

defendant's conduct, as summarized in the opinion, would constitute a violation of (a)(1). *Id.* at 359 (Defendant fled after release on bail).