94 F.3d 656
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Kurt Keahola LAWSON, Defendant-Appellant.
 No. 94-1534.
 United States Court of Appeals, Tenth Circuit.
 Aug. 13, 1996.
 
 ORDER AND JUDGMENT*
 Before BALDOCK, BRISCOE, and LUCERO, Circuit Judges.**
 BALDOCK, Circuit Judge.
 
 
 1
 Defendant Kurt Keahola Lawson appeals the district court's denial of his motion to modify his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2). We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 I.
 
 2
 Defendant was convicted after a jury trial of two counts of distributing LSD in violation of 21 U.S.C. § 841(a)(1). Count One was for distribution of LSD on blotter paper, and Count Two was for distribution of a liquid solution containing LSD. At the time of sentencing, the entire weight of the blotter paper or liquid solution containing the LSD determined the amount of LSD sold by a drug trafficker for purposes of both the federal statute directing mandatory minimum sentences and the sentencing guidelines. See 21 U.S.C. § 841(b)(1)(A)(v); U.S.S.G. § 2D1.1, Drug Quantity Table, application note * (1987). The district court found that the weight of the LSD and blotter paper in Count One was .42 grams, and that the weight of the liquid solution containing LSD in Count Two was 9.8 grams, for an aggregate 10.22 grams of blotter paper and liquid solution containing LSD. Because Defendant was convicted for LSD transactions involving in excess of 10 grams, the two-count conviction implicated the ten-year (or 120 month) statutory mandatory minimum sentence for distribution of at least 10 grams of a "mixture or substance containing a detectable amount" of LSD. 21 U.S.C. § 841(b)(1)(A)(v). Under the sentencing guidelines, however, the 10.22 grams of carrier media containing LSD required an offense level of 32. With a category V criminal history level and an offense level of 32, the guideline sentencing range of 188 to 235 months exceeded the statutory minimum sentence of 120 months. Accordingly, the district court sentenced Defendant to 188 months under the sentencing guidelines.
 
 
 3
 After we upheld Defendant's conviction on direct appeal, United States v. Lawson, No. 91-1388, 1992 WL 142666 (10th Cir. June 23, 1992) (unpublished), the United States Sentencing Commission revised the method for calculating the weight of LSD under the sentencing guidelines. Departing from its former approach of weighing the entire mixture or substance containing LSD, the Commission instructed courts to give each dose of LSD on blotter paper a constructive or presumed weight of 0.4 milligrams. United States Sentencing Commission, Guidelines Manual, App. C., Amend. 488 (1995) ("Amendment 488"). The Commission made Amendment 488 retroactive. Id. App. C., Amend. 502; U.S.S.G. § 1B1.10.
 
 
 4
 Subsequently, Defendant filed a pro se motion pursuant to 18 U.S.C. § 3582(c)(2) to reduce his sentence and requested an evidentiary hearing. Defendant argued that he was convicted of distributing 280 doses of LSD--50 doses of LSD on blotter paper and 230 doses of LSD in liquid. Because Amendment 488 assigned a presumed weight of .4 milligrams per dose, Defended asserted that he distributed 112 milligrams of LSD, and not the 10.22 grams of LSD determined by the district court at sentencing. Under the guidelines, Defendant maintained 112 milligrams of LSD yielded an offense level of 16, which when combined with a criminal history level of 5, resulted in a guideline range of 41 to 51 months. Further, Defendant asserted that he was not eligible for a ten-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A)(v) because the 112 milligrams of LSD fell below the ten-gram requirement. The district court denied Defendant's motion to reduce his sentence and rejected his request for an evidentiary hearing.
 
 II.
 
 5
 Defendant argues that the district court erred in denying his motion to reduce his sentence.[1] Specifically, Defendant contends that: (1) Amendment 488 mandates that the district court recalculate his sentence using the presumptive weight of .4 milligrams per dose of LSD, thereby excluding consideration of the weight of the carrier media; (2) the district court abused its discretion in refusing to reduce his sentence; and (3) the district court should have reduced his 188-month term of imprisonment to the statutory mandatory minimum of 120 months provided in § 841(b)(1)(A)(v).
 
 A.
 
 6
 We first reject Defendant's contention that Amendment 488 mandates that the district court recalculate the weight of LSD based on .4 milligrams per dose of the drug. Although the Commission may give an amendment to the guidelines retroactive effect, Braxton v. United States, 500 U.S. 344, 348 (1991) (citing 28 U.S.C. § 994(a)), the plain language of 18 U.S.C. § 3582(c)(2) commits the retroactive application of an amendment to the discretion of the district court. See 18 U.S.C. § 3582(c)(2) ("[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ... the court may reduce the term of imprisonment ....") (emphasis added); see also United States v. Telman, 28 F.3d 94, 96 (10th Cir.1994) (The determination whether to reduce a sentence "is not mandatory but is instead committed to the sound discretion of the trial court."). Because the application of Amendment 488 to Defendant's sentence is not mandatory, the only issue before us is whether the district court acted within its discretion in refusing to reduce Defendant's sentence. We therefore review the district court's denial of Defendant's motion to reduce his term of imprisonment for an abuse of discretion. United States v. Ivy, 83 F.3d 1266, 1296 (10th Cir.1996); Telman, 28 F.3d at 96.
 
 B.
 
 7
 Defendant argues the district court abused its discretion by failing to adequately explain its reasoning for refusing to reduce his sentence. After Defendant filed his § 3582(c)(2) motion, he filed a "Movant's Traverse" wherein he contended, with citations to relevant authorities, that he was entitled to a sentence reduction under Amendment 488. The government filed a response, and the district court requested and received a memorandum from the probation office. The district court's order, in entirety, provided:
 
 
 8
 This matter is before the Court on Defendant's timely Motion to Reduce Term of Imprisonment and Motion for an Evidentiary Hearing. The Court, upon review of the file and records, finds that the sentence imposed was fair and just and, therefore
 
 
 9
 ORDERS that Defendant's Motion to Reduce Term of Imprisonment and Motion for an Evidentiary Hearing are hereby denied.
 
 
 10
 Although the district court's order is brief, we cannot conclude the district court abused its discretion in denying Defendant's motion to reduce term of imprisonment for two reasons. First, we presume that a district court comprehends its authority and duties under the guidelines. United States v. Rodriguez, 30 F.3d 1318, 1319 (10th Cir.1994). Second, the documents filed by Defendant, the government, and the probation office adequately framed Defendant's argument under Amendment 488. In its order denying Defendant's motion, the district court stated it had reviewed the "file and records" and that "the sentence imposed was fair and just." Based on this record, we cannot say the district court abused its discretion in refusing to reduce Defendant's 188-month term of imprisonment.[2]
 
 C.
 
 11
 Finally, Defendant argues that the district court should have reduced his 188-month term of imprisonment to the 120-month mandatory minimum set forth in 21 U.S.C. § 841(b)(1)(A)(v). Essentially, Defendant advances the dubious argument that the 120-month statutory mandatory minimum overrides the 188-month term of imprisonment required by the guidelines in effect at sentencing. Simply put, a statutory mandatory minimum sentence does not constitute a mandatory maximum sentence. The guidelines direct that a "sentence may be imposed at any point within the applicable guideline range, provided that the sentence is not greater than the statutorily authorized maximum sentence, and is not less than any statutorily required minimum sentence." U.S.S.G. § 5G1.1(c). In this case, the 188-month guideline sentence did not exceed a statutorily authorized maximum sentence nor did it fall below the 120-month mandatory minimum sentence. We therefore reject Defendant's argument that the district court should have reduced his sentence to the 120-month statutory mandatory minimum.
 
 III.
 
 12
 In sum, we AFFIRM the district court's denial of Defendant's motion to modify his term of imprisonment.
 
 BRISCOE, Circuit Judge, dissenting:
 
 13
 I respectfully dissent. Lawson appeals the denial of his motion to reduce his sentence. The three issues raised by Lawson are stated in his appellate brief as follows:
 
 
 14
 The 9.8 grams of liquid LSD which are the subject of count 2 should be measured as set forth in United States v. Jordan, resulting in a guideline range less than the ten year minimum mandatory sentence.
 
 
 15
 Amendments to § 2D1.1, setting forth how to determine the weight of a mixture of substance within the meaning of 21 U.S.C. § 841, are consistent with Chapman v. United States, such that the minimum mandatory sentence does not apply; alternatively if the minimum mandatory sentence does apply, where Lawson's guideline range is below the ten year statutory minimum, Lawson's sentence should be reduced from 188 months to 120 months.
 
 
 16
 If these arguments are rejected, Lawson's guideline range pursuant to the amendments is 151-188 months, and the district court failed to adequately explain its reasons for refusing to reduce Lawson's 188 month sentence.
 
 
 17
 I differ from the majority on a question that is threshold to our consideration of the issues raised by Lawson. The majority rejects Lawson's contention that Amendment 488 mandates that the district court first recalculate the weight of LSD based on .4 milligrams per dose on or in a carrier medium before exercising its discretion on the ultimate question of whether Lawson's sentence should be reduced. If it were enough for a sentencing court to look only to the ultimate discretionary question of sentence reduction without first applying Amendment 488 to calculate the quantity of LSD involved in the criminal offense, the purpose of the amendment would be effectively nullified. The retroactive application of Amendment 488 is not discretionary.
 
 
 18
 Amendment 488, which became effective in November 1993, amended U.S.S.G. § 2D1.1 and, in pertinent part, effectively revised the method for calculating the quantity of LSD involved in a criminal offense. Section 2D1.1 now provides that, "[u]nless otherwise specified, the weight of a controlled substance set forth in the table refers to the entire weight of any mixture or substance containing a detectable amount of the controlled substance." With respect to LSD, § 2D1.1(c), note H provides: "In the case of LSD on a carrier medium (e.g., a sheet of blotter paper), do not use the weight of the LSD/carrier medium. Instead, treat each dose of LSD on the carrier medium as equal to 0.4 mg of LSD for the purposes of the Drug Quantity Table." The application notes in the Commentary to § 2D1.1 expand upon the revised method of calculation:
 
 
 19
 16. LSD on a blotter paper carrier medium typically is marked so that the number of doses ("hits") per sheet readily can be determined. When this is not the case, it is to be presumed that each 1/4 inch by 1/4 inch section of the blotter paper is equal to one dose.
 
 
 20
 In the case of liquid LSD (LSD that has not been placed onto a carrier medium), using the weight of the LSD alone to calculate the offense level may not adequately reflect the seriousness of the offense. In such a case, an upward departure may be warranted.
 
 
 21
 18. .... Because the weights of LSD carrier media vary widely and typically far exceed the weight of the controlled substance itself, the Commission has determined that basing offense levels on the entire weight of the LSD and carrier medium would produce unwarranted disparity among offenses involving the same quantity of actual LSD (but different carrier weights), as well as sentences disproportionate to those for other, more dangerous controlled substances, such as PCP. Consequently, in cases involving LSD contained in a carrier medium, the Commission has established a weight per dose of 0.4 milligram for purposes of determining the base offense level.
 
 
 22
 The dosage weight of LSD selected exceeds the Drug Enforcement Administration's standard dosage unit for LSD of 0.05 milligram (i.e., the quantity of actual LSD per dose) in order to assign some weight to the carrier medium. Because LSD typically is marketed and consumed orally on a carrier medium, the inclusion of some weight attributable to the carrier medium recognizes (A) that offense levels for most other controlled substances are based upon the weight of the mixture containing the controlled substance without regard to purity, and (B) the decision in Chapman v. United States, 111 S.Ct. 1919 (1991) (holding that the term "mixture or substance" in 21 U.S.C. 841(b)(1) includes the carrier medium in which LSD is absorbed). At the same time, the weight per dose selected is less than the weight per dose that would equate the offense level for LSD on a carrier medium with that for the same number of doses of PCP, a controlled substance that comparative assessments indicate is more likely to induce violent acts and ancillary crime than is LSD. (Treating LSD on a carrier medium as weighing 0.5 milligrams per dose would produce offense levels equivalent to those for PCP.) Thus, the approach decided upon by the Commission will harmonize offense levels for LSD offenses with those for other controlled substances and avoid an undue influence of varied carrier weight on the applicable offense level. Nonetheless, this approach does not override the applicability of "mixture or substance" for the purpose of applying any mandatory minimum sentence (see Chapman, § 5G1.1(b)).
 
 
 23
 Amendment 488 was expressly made retroactive by the provisions of U.S.S.G. § 1B1.10A Accordingly, under 18 U.S.C. § 3582(c)(2), a court can, upon its own motion or that of a defendant or the Director of the Bureau of Prisons, reduce an imposed term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that had subsequently been lowered by Amendment 488. See, e.g., United States v. Turner, 59 F.3d 481, 483 (4th Cir.1995). The court may reduce the term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (1996 Supp.). 18 U.S.C. § 3553(a) sets forth the factors the court shall consider in imposing a sentence. 18 U.S.C. § 3553(a)(4) requires the sentencing court to consider "the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines that are issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(1) and that are in effect on the date the defendant is sentenced." See also U.S.S.G. § 1B1.10(b).
 
 
 24
 The parties (and the probation office in preparation of its memorandum in response to Lawson's motion for reduction of sentence) appear to agree that Amendment 488 can be retroactively applied to the LSD in count 1 (the LSD on the blotter paper), and that the recalculated quantity of LSD applicable to count 1 is 20 milligrams. This recalculated quantity is derived, as instructed by Amendment 488, by multiplying the number of doses found in count 1(50) times 0.4 milligrams per dose. Accordingly, as suggested by Amendment 488, this quantity takes into account 0.05 milligrams of actual LSD per dose, as well as 0.35 milligrams of carrier medium (blotter paper) per dose.
 
 
 25
 The parties disagree regarding the retroactive application of Amendment 488 to count 2. Lawson contends the liquid LSD in count 2 should be recalculated under Amendment 488 to include only the weight of the pure LSD, rather than the weight of the pure LSD and the liquid solvent in which the pure LSD was contained. By applying this method, Lawson asserts the proper quantity of LSD in count 2 should be 11.5 milligrams. This figure is derived by multiplying the number of doses determined to be in the LSD in count 2(230) by 0.05 milligrams, the weight of actual LSD per dose as outlined in Amendment 488.
 
 
 26
 In denying Lawson's motion for reduction of sentence, the district court, with the assistance of the probation office, went through a three-step process. First, the court requested that the probation office prepare a memorandum concerning Lawson's motion. This was clearly appropriate and consistent with U.S.S.G. § 1B1.10(b), which provides that, "[i]n determining whether, and to what extent, a reduction in sentence is warranted for a defendant eligible for consideration under 18 U.S.C. § 3582(c)(2), the court should consider the sentence that it would have imposed had the amendment(s) to the guidelines ... been in effect at the time the defendant was sentenced." Second, in accordance with the court's request and U.S.S.G. § 1B1.10, the probation office prepared a memorandum concluding that, under Amendment 488, Lawson's offense level would be 30 and his guideline range would be 151-188 months. In reaching this conclusion, however, the probation office only recalculated the amount of LSD from count 1 of the indictment (the LSD on blotter paper). The probation office did not, as required by Amendment 488, recalculate the amount of liquid LSD in count 2 of the indictment. In the final step of the process, the court apparently reviewed the probation office's memorandum, implicitly adopted its factual findings, and rejected Lawson's motion for reduction of sentence, concluding that "the sentence imposed was fair and just."
 
 
 27
 From my review of the record, it is apparent the factual findings concerning the amount of LSD in count 2, as well as the factual findings concerning the total amount of LSD involved in the overall offense, were clearly erroneous. Findings of fact made by the district court in deciding whether to reduce a sentence are reviewed by this court for clear error. United States v. Allison, 63 F.3d 350,351 (5th Cir.), cert. denied 116 S.Ct. 405 (1995). As outlined above, the court implicitly adopted and relied upon the factual findings made by the probation office concerning the amount of LSD involved in Lawson's offense (as well as the corresponding offense level and guideline range). However, as further outlined above, the probation office failed to recalculate the amount of liquid LSD in count 2 in accordance with Amendment 488. Apparently, the probation office believed that, notwithstanding Amendment 488, the weight of liquid LSD was calculated by including both the weight of the pure LSD and the weight of the liquid solvent in which it was contained. However, every court that has considered this issue to date has concluded Amendment 488 requires consideration of only the weight of the pure LSD. United States v. Ingram, 67 F.3d 126, 128 (6th Cir.1995) (addressing motion for reduction of sentence filed after effective date of Amendment 488); Turner, 59 F.3d at 486 (same); United States v. Rickett, 52 F.3d 327 (6th Cir.1995) (table) (same); United States v. Jordan, 842 F.Supp. 1031, 1033-34 (M.D.Tenn.1994). Thus, although the probation office concluded the amount of LSD involved in count 2 was 9.8 grams, properly calculated in accordance with Amendment 488 the amount should be approximately 211.5 milligrams. This figure is derived by multiplying the number of doses determined to be in the LSD involved in count 2(230) by 0.05 milligrams, the weight of actual LSD per dose as outlined in Amendment 488.
 
 
 28
 The effect of this error is profound. Had the LSD in count 2 been properly calculated, Lawson's resulting offense level and guideline range would have been significantly lower. According to Lawson's counsel, the properly calculated guideline range would have dropped below the statutory minimum of ten years, and would have been significantly lower than the 188-month sentence originally imposed by the district court. While I agree it is without question that the court's granting or denial of a motion to reduce sentence is a discretionary call, the court cannot properly exercise that discretion without the benefit of accurate computations from the probation office. The district court, armed with the correct facts, could have exercised its discretion and denied Lawson's motion. Under the record as it now exists, it is simply not clear that the court would have denied the motion for reduction of sentence if it had correct calculations on the liquid LSD count.
 
 
 29
 I would remand for reconsideration of the motion for reduction of sentence.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 **
 The late Honorable Oliver G. Seth, Senior United States Circuit Judge for the Tenth Circuit, was designated a member of this panel but did not participate in the final decision. The Honorable Bobby R. Baldock, United States Circuit Judge for the Tenth Circuit, was designated to replace the late Honorable Oliver G. Seth, and has reviewed the briefs and the entire record on appeal
 
 
 [1]
 We appointed counsel to represent Defendant on appeal
 
 
 [2]
 Because we conclude the district court did not abuse its discretion by denying Defendant's request to recalculate his sentence using the revised method provided in Amendment 488, we need not address Defendant's related argument that the guidelines method trumps the mandatory minimum, and renders the mandatory minimum inapplicable